WILLIAM SOMERS & others *vs.* JOHN KELIHER.

Suffolk.   March 13. — June 17, 1874.   COLT & ENDICOTT, JJ., absent.

Money to become due for labor and materials furnished under an entire contract for building a house, is "future earnings" within the meaning of the St. of 1865, *c.* 43, § 2, which declares an unrecorded assignment of future earnings invalid against a trustee process.

If a person makes a contract to furnish labor and materials in building a house, and by the terms of the contract he is to be paid when the house is completed, an assignment by him of the money payable under the contract, if made before he is entitled to receive the money, is an assignment of future earnings.

SCIRE FACIAS by the members of the firm of William Somers & Co., upon a judgment recovered by them against the defendant in a trustee process, in which he was summoned as trustee of John Shaughnessy.

At the trial in the Superior Court, before *Putnam*, J., without a jury, the defendant admitted that the sum of $1000 was due from him to Shaughnessy, and the issue was as to the right of John Lally to this sum.   The following facts appeared in evidence : Shaughnessy (by a contract dated July 1, 1871) agreed with the defendant " to furnish all the materials and do all the carpenter work " on a house building by the defendant on his land, the work to be done in a manner satisfactory to the defendant.   The sum of twenty-four hundred dollars was agreed to be paid for the materials and labor, in instalments according to the progress of the work, the last instalment of fourteen hundred dollars being payable in thirty days after the work should be fully completed to the acceptance of the defendant.

On October 18, 1871, Shaughnessy assigned to Lally the balance of the money, viz., fourteen hundred dollars, to become due him from the defendant, under the foregoing agreement, and authorized the defendant to pay it to Lally when due according to the terms of the said agreement.   This assignment was never recorded in the office of the city clerk of Boston, in which city Shaughnessy resided when the assignment was made.   At the time of the assignment, all the payments under the agreement had been made except the last, and this was not then due.

Shaughnessy continued work under the contract until November 9, but did not complete the work and contract to the satisfac-

tion of said Keliher; and it was never so completed, the amount admitted and found to be due being $400 less than the contract price. The trustee process in the original action was served November 25, 1871.

Upon this evidence the court ruled that the assignment to Lally was of future earnings, and that, not being recorded, it was invalid, and ordered judgment for the plaintiffs in the sum of $1000, and the claimant excepted.

*A. A. Ranney & W. E. L. Dillaway*, for the claimant. 1. If the money due and payable under the contract was earnings, it was, at the time of assignment, in part actually due, and not accruing due in the future. The postponing of the time of payment to thirty days after the completion of the work, has no effect in determining whether the money due is future earnings. The money is due and earned when the work is done, although payable at a time subsequent. Although the assignment was indorsed on the contract, it was not made until four months after the contract; and the work at that time was nearly completed. The money payable according to the contract was earned from day to day *pro tanto*, and at the time of the assignment of the contract, the sum earned was more than the amount for which the trustee is charged.

2. The money payable under this contract is not "earnings," in the sense of the word as used in the St. of 1865, *c.* 43, § 2. It includes more than mere expenditures for materials. It includes the wages of workmen and of apprentices, and also the contract prices of the various sub-contractors on the job. Neither is the contract price or the compensation for the performance of the work measured by the time of its continuance.

The case of *Knowlton* v. *Cooley*, 102 Mass. 233, turned upon the fact that the order of the claimant was given before the wages were earned, and before the work was begun. In the case of *Jenks* v. *Dyer*, 102 Mass. 235, the credit furnished the defendant by the claimant, as the consideration for his order, was furnished after the order had been given, and the labor performed by the defendant for the trustee had not at that time been begun. In the present case the money was actually earned at the time of the assignment, and the consideration for it had also been paid.

*M. Williams, Jr.*, for the plaintiffs.

AMES, J. It was decided in *Jenks* v. *Dyer*, 102 Mass. 235, that the word "earnings," as used in the St. of 1865, *c.* 43, § 2, has a more extensive signification than the word "wages." The statute applies to the compensation for services; a term which involves more than the mere labor of the person by whom they are rendered, and may include expenditures as well as labor. What the principal defendant in the original suit undertook to do under his contract was, not to sell certain lumber and other building materials to Keliher, and to perform certain labor upon them, but to render the specific service of building a house for him, furnishing all the labor and materials therefor, at an agreed price for the entire service. By rendering that service, he would earn, and become entitled to, certain periodical payments. But the final payment, which is the only one involved in this suit, he cannot be said to have earned and become entitled to by the terms of the contract, until he should have completed his contract. As he had not done so at the date of the assignment, the earnings which he undertook to assign came within the description of future earnings. The assignment not having been recorded, it is invalid against the trustee process. *Exceptions overruled.*