[No. 20298.   In Bank. — June 24, 1887.]

THE PEOPLE, RESPONDENT, *v.* GUSTAVE ECK-
MAN, APPELLANT.

CRIMINAL LAW — DECLARATION OF DEFENDANT TO SHERIFF — EVIDENCE. —
In a criminal prosecution, evidence of a declaration made by the defend-
ant after his arrest to the sheriff, to the effect that he would plead guilty
voluntarily, is admissible when no attempt was made by the sheriff to
coerce the defendant, and the only inducement held out to him was the
probability that if he was guilty, and so pleaded, he would get a shorter
sentence.

ID. — EVIDENCE OF GOOD CHARACTER — CERTIFICATE OF DISCHARGE FROM
ARMY. — In a prosecution for burglary, a certificate of the discharge of
the defendant from the United States army, certifying to his good
character, is not admissible as evidence of his good character.

ID. — INSTRUCTIONS — CIRCUMSTANTIAL EVIDENCE. — In instructing the jury
upon the subject of circumstantial evidence, the court, after stating that
in order to warrant a conviction the circumstances must exclude to a
moral certainty every other hypothesis than that of guilt, further said
that "to convict upon circumstantial evidence, it should be such as to
produce *nearly* the same degree of certainty as that which arises from
direct testimony." *Held,* that the instruction was proper.

APPEAL from a judgment of the Superior Court of San
Luis Obispo County, and from an order refusing a new
trial.

The facts are stated in the opinion of the court.

*V. A. Gregg,* for Appellant.

*Attorney-General Johnson,* for Respondent.

McFARLAND, J.— The defendant was convicted of
burglary in the second degree, and appeals from an
order denying him a new trial, and from the judgment
rendered in the case.

1. Appellant contends for a new trial for error in re-
fusing to strike out certain testimony of the witness for
the prosecution, McLeod, who was the sheriff of the
county.

The witness was asked if he had heard the defendant

make any statements in reference to the burglary, and if so, were these statements made voluntarily. He answered that he had, and that they were made voluntarily. Thereupon defendant's attorney "requested the privilege of asking the witness *preliminary* questions to see if the statement made by the defendant to the witness was voluntary; and the court granted the request." The preliminary question having been asked, the witness replied: "I told him probably, if he was guilty, and pleaded guilty, he would probably get a shorter sentence. Then he told me he wanted to see the district attorney. I went down and brought him up into the office. Mr. Eckman came into the office, and made the statement that he would plead guilty voluntarily." Defendant's attorney then said: "I ask that that be stricken out,—that he said he would plead guilty." The court said: "I deny the motion"; and the attorney for defendant said: "We except." This is all the record shows upon the subject.

Technically, the testimony was not before the jury at all. It was addressed to the court upon the preliminary examination. In the next place, a party moving to strike out the answer of a witness must specify his objection to it in like manner as he is required to specify the grounds of his objections to a question. (*Temple* v. *Frank*, 28 Cal. 519; *Sill* v. *Reese*, 47 Cal. 341.) And no grounds of objection were stated here at all, not even the hackneyed one of "irrelevant and incompetent." But if such objections to the point here sought to be made ought to be disregarded in a criminal case, the court did not abuse its discretion or commit a fatal error in denying the motion to strike out. The sheriff had not charged defendant with being guilty; had not claimed to have evidence against him; had not threatened him in any way. He did not tell him, as was told the defendants in *People* v. *Johnson*, 41 Cal. 452, "there was no use in fooling about it; they may as well confess, as there was evidence enough to convict them." Moreover, the statement

testified to was not a confession. Under the circumstances we think that it would be going too far to reverse the case for the denial of the motion, even if defendant's counsel had stated the grounds upon which he made it.

2. The second ground of error assigned by appellant is the refusal of the court to allow in evidence—as proof tending to show the good character of the defendant—a certificate of the discharge of the defendant from the United States army for disability, which also certified his character to be good. It does not appear what particular traits of character were certified to in the document excluded; but we do not know of any rule which —upon the general issue of character—allows the introduction of written declarations, official or otherwise, made by third parties out of court. We think, therefore, that this point is not tenable.

3. The appellant makes several objections to parts of the instructions given by the court to the jury. The most serious is the objection to part of instruction No. 3. This instruction is on the subject of circumstantial evidence; and while stating that the circumstances must exclude to a moral certainty every other hypothesis than that of guilt, it includes this language: "To convict upon circumstantial evidence, it should be such as to produce *nearly* the same degree of certainty as that which arises from direct testimony."

This instruction was given at the request of the district attorney; and it may be remarked that many prosecuting officers seem to be moved by some sort of fascination to travel along the very edge of the precipice of error when they could go just as effectively, and much more safely, along the center of the beaten road. This hazardous language probably had no effect whatever on the jury; and yet its propriety is extremely doubtful. It happens, however, that a good many years ago this court decided that a similar instruction was not erroneous,—holding that "it was but another mode of telling the jury that

although, as a general rule, circumstantial evidence, in the nature of things, may not be so entirely satisfactory proof of a fact as the positive testimony of creditable eye-witnesses, yet they must convict if they were satisfied of the guilt of the defendant to the exclusion of rational probabilities." (*People* v. *Cronin*, 34 Cal. 201.) We would not be warranted in overruling that case on the point under discussion, and therefore hold that a new trial should not be granted in the case at bar on account of said instruction.

There are some other exceptions to the instructions, but they are not, in our opinion, well taken. The law of the case was, we think, properly and fairly given to the jury.

Judgment and order affirmed.

PATERSON, J., and THORNTON, J., concurred.

McKINSTRY, J., SEARLS, C. J., and SHARPSTEIN, J., concurred in the judgment.