### FIRST NATIONAL BANK OF CLEBURNE v. GRAHAM & LEWIS ET AL.

#### (No. 5929.)

APPEAL from Johnson County. Opinion by WHITE, P. J.

BLEDSOE, PATTON & BROWN, counsel for appellant.

C. W. JORDAN and W. H. DEAL, counsel for appellees.

§ **462.** *Current wages defined; attorneys' fees are not, ordinarily; case stated.* Appellant, having a judgment against appellees Graham & Lewis, garnished appellee W. H. Deal, who answered that he was indebted to Graham, one of the said firm of Graham & Lewis, in the sum of $144.10, but claimed and pleaded that said indebtedness was exempt from garnishment because the same was an attorney's fee due to said Graham for personal legal services as an attorney-at-law rendered by

said Graham to said garnishee. This plea was sustained by the court, and judgment rendered discharging said garnishee. *Held:* The constitution declares, "no current wages for personal services shall ever be subject to garnishment." [Art. 16, § 28.] And the statute declares, "no current wages for personal services shall be subject to garnishment; and when it appears upon the trial that the garnishee is indebted to the defendant for such current wages, the garnishee shall nevertheless be discharged as to such indebtedness." [R. S. art. 218.] "Current" means "running," "now passing or present in its progress." "Wages" means "a compensation given to a hired person for his or her services." [Webster's Dictionary.] "Current wages" are such compensation for personal services as are to be paid periodically, or from time to time, as the services are rendered; as, where the services are to be paid for by the hour, day, week, month or year. The service rendered must be such as that the compensation therefor is measured by the time of the continuance of such service. [Jenks v. Dyer, 103 Mass. 235; Somers v. Keliher, 115 Mass. 165.] In the use of the word "current," our constitutional and statutory provisions differ from such exemption in most of the states. [Freeman on Executions, § 234.] Significance must be given it as well as the word "wages." It limits, restricts and qualifies the character of wages which are to be held exempt. An attorney's fee for legal services rendered or to be rendered in a single case, or in the transaction of a single matter, or in the transaction of any amount of legal business in any manner, cannot be correctly termed or held to be "current wages," where he has not been hired for his services by the day, week, month or year, to be paid at the expiration of the time for which he was hired, and not in proportion to the business done. The trial court erred in rendering judgment discharging the garnishee, and the judgment is reversed and here rendered for appellant.

April 24, 1889.            Reversed and rendered.