*A. H. Hummel* (of New York) & *R. T. Babson*, for the defendant.

MICHAEL F. TRACY & another *vs.* SAMUEL T. WATERS & trustee.

Middlesex.   December 14, 1894. — January 2, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Trustee Process — Assignment — " Services " under Contract.*

An assignment of all claims for money due and to become due for " services " rendered under a contract for the erection of a house includes claims for money due for expenditures under the contract, as well as for labor performed thereunder.

TRUSTEE PROCESS.  Writ dated January 5, 1888.  The defendant was defaulted.  A. C. Webber, summoned as trustee, admitted that, at the time of service upon him, there was in his hands the sum of $25 due the defendant.  Edward B. James appeared as claimant of the funds in the hands of the trustee, by virtue of an assignment to him, under seal, dated July 13, 1887, signed by the defendant, and duly recorded, of all claims and demands which the defendant then had and might at any time have against the trustee for all sums of money due and to become due " for services rendered under my contract " with the trustee.

Trial in the Superior Court, without a jury, before *Blodgett*, J., who reported the case for the determination of this court, in substance as follows.

It was admitted that the defendant made a contract in writing with the trustee to erect a house for him in Cambridge; that, for the purpose of securing payment to the claimant for lumber

and materials furnished and to be furnished by him for the house described in the contract, the defendant, on July 13, 1887, gave to the claimant the assignment above mentioned; and that the contract mentioned in the assignment was the defendant's contract with the trustee above referred to. The writ was served upon the trustee on January 5, 1888, and there was then due to the claimant for lumber and materials furnished to the defendant a sum largely in excess of the funds in the hands of the trustee, the funds being the money which had become due to the defendant under the contract between him and the trustee.

The plaintiffs requested the judge to rule that the assignment covered only so much as became due to the defendant under his contract with the trustee for labor performed by the defendant, or, at the most, only so much as became due to the defendant for labor performed and furnished by him thereunder. The judge declined to rule as requested; ruled and found that the claimant was entitled to the funds in the hands of the trustee; and ordered that the trustee be discharged.

If the ruling was erroneous, a new trial was to be granted; otherwise, judgment was to be entered in accordance with the finding.

*I. F. Sawyer*, for the plaintiffs.

*C. T. Gallagher & H. R. Bailey*, for the claimant.

BARKER, J. The defendant had assigned to the claimant all his rights to any money due or to become due to the defendant for services under the contract. The meaning of the word "services" is broad enough to include expenditures as well as labor. See *Somers* v. *Keliher*, 115 Mass. 165, 167.

> *Judgment discharging the trustee to be entered in accordance with the finding.*