[Sac. No. 809.   Department One.—October 11, 1901.]

134   313
140   304

D. B. McFAUL, Respondent, v. MADERA FLUME AND TRADING COMPANY, Appellant.

Master and Servant — Negligence — Defective Machine — Pleading — Discharge of Servant's Duty. — In an action by an employee to recover damages from his employer for injuries suffered by him in the course of his employment, by reason of a defective machine, the omission to allege in the complaint that "the plaintiff was injured while in the necessary and proper discharge of his duty," does not vitiate the cause of action, nor render the complaint objectionable in that regard, in the absence of a special demurrer.

Id. — Inherent Defect in Machinery — Instructions — Construction. — An instruction directing the minds of the jury to an inherent defect in the machinery, which the defendant might have discovered by reasonable diligence, and of which the plaintiff was ignorant, and could not discover in the ordinary course of his employment, and predicating recovery thereon, is not misleading, because not comprising every element of recovery, where all of the elements essential to a recovery by the plaintiff were fully set forth in other portions of the charge, which must be construed together with such instruction.

Id. — Expert Evidence — Relative Strength of Wrought and Cast Iron. — A qualified expert may testify as to the relative strength of wrought and cast iron, as material for the part of the machine in question, the evidence being pertinent and material to the issue.

APPEAL from a judgment of the Superior Court of Madera County.   W. M. Conley, Judge.

The facts are stated in the opinion of the court.

D. N. Burnett, Frank H. Short, and H. E. Wilcox, for Appellant.

M. K. Harris, for Respondent.

THE COURT.— The plaintiff, an employee of the defendant, recovered judgment against it for the sum of three thousand five hundred dollars, as damages for personal injuries suffered by him, in the course of his employment, by reason of a defective machine.   This appeal is prosecuted from an order denying defendant's motion for a new trial.

It is first urged that the complaint does not state a cause of action, the specific objection being that it fails to allege that

"the plaintiff was injured while in the necessary and proper discharge of his duty." No specific demurrer was directed to this alleged defect in the pleading, and in the absence of a special demurrer it will be held that the complaint is sufficient in this regard.

The following instruction is assailed: "If you find from the evidence that the accident through which plaintiff was injured resulted from an inherent defect in the machinery, as alleged in the complaint, which might have been discovered by the exercise of reasonable diligence on the part of defendant, and that plaintiff did not know, and was not in a position to have found out, such defect, in the usual and ordinary course of his employment, then you should find for the plaintiff and assess the amount of his damages." This instruction is assailed as not comprising all the elements of fact which were necessary to justify a verdict in favor of plaintiff. But, as this court has often held, the instructions must all be read and considered together, and here, in other portions of the charge, we find the jury fully instructed as to other elements of fact necessary to be found by them in favor of plaintiff before a verdict could be given him. By the instruction quoted, the minds of the jurors were directed alone to a single element of fact, — to wit, the defect in the machinery. Other instructions were equally direct and explicit as to other facts involved in the case, and considering all the instructions together, the court is convinced that the jury were not misled by the instruction given.

Another error complained of is, that the court permitted the witness Palmer to testify as to the relative strength of wrought and cast iron as the material for the part of the machine in question. In this there was no error. The evidence was pertinent and material, and the witness was qualified as an expert to give his opinion with reference to it. (Code Civ. Proc., sec. 1870, subd. 9.) Upon a careful consideration of the record we are not prepared to say that the verdict of the jury was excessive, or that the evidence was insufficient to support the verdict.

For the foregoing reasons the order is affirmed.

Hearing in Bank denied.