In re O'DONNELL et al.

(District Court, D. Massachusetts.  July 22, 1904.)

No. 8,573.

1. BANKRUPTCY—ACTS OF BANKRUPTCY—TRANSFER WITH INTENT TO PREFER CREDITOR.

An assignment by an insolvent to a creditor of earnings to become due under a building contract, where recording was essential to the validity of such assignment under the laws of the state, and it was so recorded within four months prior to the filing of a petition in bankruptcy against the assignor, was a transfer with intent to prefer the creditor, which constituted an act of bankruptcy, and warrants an adjudication under Bankr. Act, July 1, 1898, c. 541, § 3b, 30 Stat. 546 [U. S. Comp. St. 1901, p. 3422].

2. SAME—CREDITOR—ACCOMMODATION INDORSER.

An accommodation indorser of notes, even before payment, is a creditor of the maker, and a transfer of property to him as security by such maker while insolvent constitutes an act of bankruptcy.

In Bankruptcy.  Hearing on involuntary petition.

Berry & Upton, for petitioning creditors.
H. H. Folsom, for Reichenbacher.

LOWELL, District Judge.  Involuntary petition filed February 6, 1904, against O'Donnell and Ferguson as partners.  The acts of bankruptcy alleged were (1) a conveyance to hinder, delay, and defraud creditors, and (2) a conveyance with intent to prefer Reichenbacher.  I find the facts as follows: The firm had a contract to build a house.  On July 11, 1903, O'Donnell assigned the payments coming due thereunder to Reichenbacher.  At that time Reichenbacher had indorsed for accommodation the firm notes for $1,265.  On October 2d, O'Donnell disputed the validity of the assignment.  Another was signed by both partners, expressly recognizing and confirming the first.  At that time the firm was indebted to Reichenbacher by way of his indorsement of their paper and otherwise to the amount of $3,090.  The assignments were recorded October 6th and 9th respectively.  When the petition was filed the firm owed Reichenbacher about $3,763, and he held as security from $3,500 to $3,800 by virtue of the above-mentioned assignments of moneys coming due under the contract.  At the time the assignments were made the respondents were insolvent.  The writings and agreements of the respondents shown in evidence establish the existence of a partnership, and I find accordingly.  The first act of bankruptcy alleged was not proved.  The second assignment of earnings, made October 2, 1903, and recorded October 9th, can hardly be treated as a superfluous recognition of the validity of the first assignment.  There was admitted doubt of its validity, and payment had been refused thereunder.  Even if the later assignment be disregarded, however, the decision is not affected, for the earlier assignment was no less invalid as a preference.  The assignments required record.  Rev. Laws Mass. c. 189, § 34;  Somers v. Keliher, 115 Mass. 165;  Tracy v. Waters, 162 Mass. 562, 39 N. E. 190.  In Chester v. McDonald (Mass.) 69 N. E. 1075, the Supreme Court of Massachusetts said, indeed, that the cases first cited cannot be sustained if they cover the price to be

paid for the construction of a building into which enters no service by way of manual labor or of personal supervision, direction, or control of the assignor. In the case at bar the contract calls for no supervision from the contractors, and O'Donnell was not fitted to give any, but Ferguson became a partner expressly to give this supervision, and so Chester v. McDonald must be deemed inapplicable. It follows that the giving of these conveyances was an act of bankruptcy if either gave a preference to the assignee. Bankr. Act July 1, 1898, c. 541, §§ 3b, 60a, 30 Stat. 546, 562 [U. S. Comp. St. 1901, pp. 3422, 3446] as amended by Ray Bill (Act Feb. 5, 1903, c. 487) § 13, 32 Stat. 799 [Supp. U. S. Comp. St. 1901, p. 416].

Was Reichenbacher a creditor preferred by the assignments? He was then an indorser of the respondents' paper. His liability was contingent. In Moch v. Market Bank, 107 Fed. 897, 47 C. C. A. 49, a noteholder was held to have a provable claim against a bankrupt indorser, and in Swarts v. Siegel, 117 Fed. 13, 54 C. C. A. 399, it was said that an accommodation indorser, even before payment, is a creditor of the bankrupt debtor whose paper he has indorsed. See pages 17, 18, 117 Fed., and pages 404, 405, 54 C. C. A. Reichenbacher was, therefore, the bankrupt's creditor at the time of both assignments. If the assignments stand, Reichenbacher will receive a greater percentage of his debt than other creditors. Whether he can hold the assignments by paying to the estate the amount he has been preferred, need not now be determined.

Adjudication to be made.