# Richmond.

## WILLIAMS, RECEIVER, v. MATTHEWS.

### November 23, 1904.

1. STOCK SUBSCRIPTION—*When Due—Limitation of Action—Case at Bar.*— Where stock in a joint stock company is subscribed for upon the following terms and conditions, as set forth in the prospectus, to-wit: "one dollar down at the time of subscription, one dollar per share at the call of the Board of Directors, and one dollar per share every sixty days thereafter, if needed, until the whole amount is paid," and the prospectus provides for the deferred payments to be made: "one dollar per share upon the call of the Board of Directors, and one dollar per share every sixty days thereafter until by a sale of lots of the company such payment shall be declared unnecessary by the Board of Directors," the words "if needed in the contract of subscription are to be read in connection with the prospectus, and when so read they do not render the contract conditional as to the deferred instalments, but make them payable automatically every sixty days after the first call by the Board of Directors, until fully paid, or until the board shall declare that by reason of the sale of lots, further payments are unnecessary, and the act of limitation begins to run on each instalment from the time it becomes due and payable.

2. STOCK SUBSCRIPTION—*Liability to Existing Creditors—Amendment of Charter.*—The liability of stockholders of a joint-stock company to its existing creditors is unaffected by their taking full paid certificates under the terms of an amended charter which provides that they shall not be liable for further assessments on stock for the debts and liabilities of the company contracted after the passage of the act.

Error to a judgment of the Circuit Court of Rockbridge county, rendered on a proceeding by motion for a judgment,

wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*R. W. Winborne,* for the plaintiff in error.

*Robert Catlett,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This is a proceeding by motion, in the name of the plaintiff in error, E. R. Williams, receiver of the Lexington Development Company, to recover of the defendant in error, W. G. Matthews, the last five instalments of his unpaid subscription to the stock of the company.

At the hearing a jury was waived, and, all questions of law and fact having been submitted to the court, the judgment under review was rendered in favor of the defendant.

Of the several defenses interposed, it is only necessary to notice that raised by the plea of the act of limitations.

In the fall of 1890, the defendant, by verbal contract, subscribed for sixty shares of the stock of the company, of the par value of $10.00 each, upon the following terms and conditions, as set forth in the prospectus, and agreed to pay for the same as follows: "One dollar down at the time of subscription, one dollar per share at the call of the board of directors, and one dollar per share every sixty days thereafter, if needed, until the whole amount is paid."

The prospectus reads:

"The company will offer for sale 60,000 shares of stock at

the par value of ten dollars. One dollar per share is to be paid at the time of subscription, one dollar per share upon the call of the board of directors, and one dollar per share every sixty days thereafter, until by a sale of the lots of the company such payment shall be declared unnecessary by the board of directors."

The board of directors designated December 20, 1890, as the time for the payment of the second instalment; so that subsequent instalments matured every sixty days thereafter, the last instalment falling due April 20, 1892. The defendant paid fifty *per cent.* of the amount of his subscription, which included the instalment of June 20, 1891.

On January 19, 1893, a creditors' suit was instituted for the appointment of a receiver, and to wind up the affairs of the company, and on September 20, 1899, a receiver was appointed to collect the unpaid subscriptions. The notice of this motion bears date August 12, 1902, it was served on the defendant two days later, and docketed September 5, 1902. If then the statute of limitations commenced to run in favor of the defendant from April 20, 1892, when all the unpaid instalments had become due, more than three years had elapsed from that date to the bringing of this motion (excluding from computation the period between the institution of the creditors' suit and the expiration of one month after the appointment of the receiver). *Acts* 1897-8, p. 16; *Gold* v. *Painter,* 101 Va. 714, 44 S. E. 920.

The plaintiff, however, controverts the contention of the defendant that his demand is barred by limitation, upon two grounds:

1. It is insisted that the contract of subscription is conditional, and that the instalments were not due until demanded by the company; and that no call was made until the entry of the decree in the creditors' suit on September 20, 1899; and

2. That the original contract of subscription was merged in a

subsequent agreement between the company and the defendant (made in pursuance of an act of the General Assembly, passed January 9, 1892, amending the charter and authorizing the company to issue full paid certificates of stock to subscribers upon payment of fifty *per centum* of the par value of the original stock), by which the defendant accepted a new certificate of stock in lieu of the old certificate. *Acts* 1891-2, p. 69.

In support of the first contention, it is urged that the expression "if needed," in the original contract, renders the stipulation to pay one dollar per share every sixty days after the first call, until the whole amount is paid, dependent upon subsequent calls by the board of directors. But it must be observed that the contract provides that payments are to be made "upon the terms and conditions set forth in the subscription contract and prospectus of the company" and the prospectus stipulates that payments are to be made every sixty days after the first call, "until by a sale of the lots of the company such payment shall be declared unnecessary by the board of directors." The words "if needed," employed in the subscription contract, are therefore to be read in connection with the prospectus, and when so read and considered they do not warrant the construction contended for by the plaintiff, that the sixty days instalments are only demandable upon the call of the board of directors. On the contrary, the contract is absolute in its terms, and after the first call made by the board of directors on December 20, 1890, the instalments became due automatically every sixty days thereafter until fully paid, or "until by a sale of the lots of the company such payment should be declared unnecessary by the board of directors," which latter contingency never arose.

The second contention, that the original contract became merged in the subsequent agreement by which a full-paid certificate was issued to the defendant under the act of January 9,

1892, is also without merit. The act does not affect the original contract of subscription, so far as the demands of existing creditors are concerned, but merely provides, that all stockholders paying fifty *per centum* of the par value of their stock shall not be "liable for further assessments thereon for the debts or liabilities of the company contracted after the passage of the act."

It follows from the interpretation placed upon the subscription contract by this court, that the liability of the defendant to pay unpaid instalments was not dependent upon calls by the board of directors; and that, *quoad* the claims of existing creditors, said contract was unaffected by the act of January 9, 1892. The demand of the plaintiff is, therefore, barred by the statute of limitations.

It may be remarked in this connection that the Court of Appeals of Maryland has twice had occasion to pass upon this question, in considering the liability of other stockholders of the company, and in each case, upon a similar state of facts, has reached the conclusion that the claim was barred by limitation. *Williams* v. *Watters*, 54 Atl. Rep. 767; *Williams* v. *Taylor*, 57 Atl. Rep. 641.

The judgment complained of is without error and is affirmed.

*Affirmed.*