[No. 2435.  June 25, 1921.]

## KEYES v. KEYES.

### SYLLABUS BY THE COURT.

1.   A party to a suit in a civil action will not be allowed to introduce general evidence as to his reputation as to moral character, unless the same is an issue in the case from the nature of the action, like a case of libel or slander.    P. 217

2. Good moral character cannot be established by the introduction of an ex parte certificate or statement.     P. 218

3. In a suit for criminal conversation and seduction of plaintiff's wife, a certificate of good moral character of plaintiff, signed by Gen. Goethals, Governor of the Panama Canal Zone, was inadmissible, and was prejudicial.     P. 218

Appeal from District Court, Chaves County; Bratton, Judge.

Action by Harry Keyes against Charles D. Keyes. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Reid, Hervey & Iden, of Roswell, for appellant.

Hiram M. Dow, of Roswell, for appellee.

### OPINION OF THE COURT.

ROBERTS, C. J.   Appellee sued appellant for criminal conversation and seduction of his wife. Appellant answered, admitting that he had had intercourse with appellee's wife, and alleged that it was with the consent of the wife and with the knowledge and consent of the husband. A trial was had to a jury, and resulted in a verdict for appellee for $10,000 damages. The case is here by appeal from the judgment entered on the verdict, and several different grounds of error are relied upon for reversal. Two errors were committed, which require a reversal. We have examined the other errors assigned, and find no merit therein, and will not enter into a discussion of the same, directing our attention to the errors committed.

First.   Appellee testified as a witness in his own behalf. He gave a rather detailed history of his life, showing that he married the wife, for whose defilement he sought a recovery in the case, in the Panama Canal Zone in 1910; that he had been employed in the Canal Zone by the United States government in various capacities as a cook, and in charge of the commissary, etc.; that he later left the Canal Zone, and after visiting Alaska and other

places with his wife, left her in Los Angeles, Cal., and he went to a small mining town, called Oatman, in Arizona, and engaged in the restaurant business; that while he was in Oatman appellant had visited his wife in Los Angeles and it was there the acts complained of took place. His evidence, together with letters written by appellant to appellee's wife, and appellant's admissions in his answer, made out appellee's case.

Appellee was a stranger in Roswell, where the case was tried. He put in evidence, over objection, a service letter given him by G. W. Goethals, Governor of the Panama Canal Zone, which, after showing the time of employment and work done by appellee, and the salary received, concluded as follows:

"Voluntarily resigned. Effective March 10, 1915. During this period of employment his general workmanship was excellent and general conduct very good.

"[Signed]   G. W. Goethals, Governor."

[1]   Appellee in this court does not undertake to defend the action of the court in admitting the letter in evidence, but contends that the case should not be reversed, because the letter was put in, because (1) it was harmless error, and could not have affected the verdict; and (2) that the objection directed to the admission of the letter in evidence did not sufficiently point out the error to the court. The rule is well established that a party to a suit in a civil action will not be allowed to introduce general evidence as to his reputation or moral character, unless the same is an issue in the case from the nature of the action, like a case of libel or slander. Jones, Commentaries on Evidence, vol. 1, §§ 148, 158; Thompson v. Bowie, 71 U. S. (4 Wall.) 463, 18 L. Ed. 423; Greenleaf on Evidence, vol. 1, § 54; Givens v. Bradley, 3 Bibb (Ky.) 192, 6 Am. Dec. 646; Fahey v. Crotty, 63 Mich. 383, 29 N. W. 876, 6 Am. St. Rep. 305.

[2]   But, even if testimony as to appellee's good moral character was an issue in the case, he could not prove it by the introduction of an ex parte certificate.   This question has come before the courts in cases where soldiers have offered to introduce certificates of discharge, and in every instance they have been held ex parte declarations and inadmissible. People v. Eckman, 72 Cal. 582, 14 Pac. 359; Taylor v. State, 120 Ga. 857, 48 S. E. 361.

[3]   It would not seem to require much argument to demonstrate the probable prejudice resulting to appellant by the introduction of the certificate of character in question.   General Goethals, who gave it, was a man of national reputation, and enjoyed to an exceptional degree the confidence and respect of the American people.   In this case the amount of damage which the jury would award the complaining party necessarily would be influenced by the opinion which the members of the jury formed as to the character and standing of the plaintiff.   Certainly a much larger recovery would be awarded to a man of high standing and unblemished character than to a man of bad character and morals.   It would also have a very decided tendency to destroy the effect of the evidence as to connivance and consent of appellee.   The verdict in the present case was for $10,000 damages, and it is impossible for us to say what influence this letter had upon the size of the verdict.   That it would tend to enhance it we think is clear, especially under the circumstances in this case, where the plaintiff was a stranger in the jurisdiction where the case was tried.

As to the point that the objection to the introduction of the evidence was not broad enough to include the ground urged here, we quote the objection stated:

"To which the defendant objects for the reason it is irrelevant, immaterial, and incompetent, being an ex parte state-

ment by a party not before the court for the purpose of cross-examination, and tending to prove or disprove no issue in this case, and being in a sense hear-say, in addition to being an ex parte statement of a party not before the court."

We think this objection was sufficient to direct the court's attention to the vice in the proffered evidence. It was hearsay, and clearly inadmissible, and the prejudice was manifest in the contents of the letter or statement.

As to the second error, the court allowed the appellee, while testifying as a witness in his own behalf, to relate certain conversations which he had had with the postmaster at Oatman, Ariz., when he inquired for his wife's mail, in which the postmaster told him that his wife had given orders not to deliver her mail to any one but herself, and also to give testimony as to his wife's conversation when he confronted her with the defendant's purported letters. It is not alleged that appellant was present at either of these conversations. This testimony was clearly inadmissible, because it violated the rule as to hearsay evidence. The testimony of the conversations with the postmaster tended to induce the jury to believe that, because his wife was guarding her mail strictly from her husband, therefore she was concealing illicit relations with the appellant.

For these errors, the cause must be reversed and remanded to the court below for a new trial; and it is so ordered.

RAYNOLDS and PARKER, JJ., concur.