[Civ. No. 5135. Second Appellate District, Division One.—May 18, 1928.]

KATHERINE HERLIHY, Respondent, v. JULIET REILLY, Appellant.

O'Melveny, Millikin, Tuller & Macneil, James C. Shepard, Jr., and John R. A. Girling for Appellant.

Henry G. Bodkin for Respondent.

HOUSER, J.—Defendant appeals from a judgment rendered against her for damages in an action based upon her alleged malicious prosecution of plaintiff in a criminal action in which plaintiff was charged with "the crime of disturbing the peace," in that she did "willfully, unlawfully and maliciously disturb the peace and quiet of the complainant (this defendant) by loud and abusive language, quarreling and traducing to quarrel, and other offensive conduct."

The first point presented by appellant is that the trial court erred in giving to the jury the following instruction:

"If from the evidence in this case, you believe that prior to the filing of the criminal complaint in the Justice's Court of Pasadena township, plaintiff herein had not used loud or abusive language, or quarreled or traduced defendant, Juliet Reilly, sometimes known as Juliet Shelby and Mary Miles Minter, to quarrel and was not guilty of any other offensive conduct; and if you further believe that said defendant did not fairly present the facts regarding the conduct of plaintiff herein to J. Russell Morton, the justice of the peace of Pasadena township, then I

instruct you, as a matter of law, that the defendant did not have, under such circumstances, probable cause for the filing of such complaint and your verdict must be for the plaintiff.''

Appellant first complains of that part of the instruction by which in effect the jury was told that if no˙ probable cause existed for the prosecution of the criminal action against plaintiff, a verdict should be rendered in her favor. In order to prevail in actions for damages based upon malicious prosecution, the law appears well settled that it is incumbent upon the plaintiff to allege and prove that the action which it is claimed was maliciously prosecuted was instigated through malice and without probable cause. Appellant directs attention to the fact that the questioned instruction omitted the essential element of a finding of malice on the part˙of defendant, and consequently was an authorization by the trial court for the return of a verdict in favor of plaintiff on a finding of a lack in defendant of probable cause only for the institution of the criminal action.

It is a universal rule of law that in determining the effect of a given instruction it must be considered in connection with all other instructions given by the trial court. In other words, by no one instruction is the entire law of the case required to be stated; but if upon a reading of the whole body of instructions the law is fairly stated without conflict, the fact that one instruction fails to contain a complete statement of the law applicable to the case does not present such a condition as necessarily to indicate reversible error. (24 Cal. Jur., p. 857 et seq.) From the record herein it appears that by at least six separate instructions the jury was told that before plaintiff would be entitled to recover in the action it must appear that in the bringing of the criminal. action against plaintiff, defendant was actuated by malice and without probable cause. In addition thereto, the jury was repeatedly instructed in effect that unless the evidence established the fact that in instigating the criminal action against plaintiff defendant was actuated by· wrong motives, that is, by some ''evil and sinister purpose''—constituting malice—a verdict must be reached in favor of the defendant. It therefore becomes clear that, while the instruction under attack was defective in that in itself it did not contain all the

foundational elements necessary to the support of a verdict in favor of plaintiff, nevertheless when such instruction ·is read together or in connection with either or all of the other instructions relating to the requisites of a valid verdict in favor of plaintiff, it cannot be said to be so far wrong as to have misled the jury to the injury of the defendant in the action.

The case of *Stephenson* v. *Southern Pacific Co.*, 102 Cal. 143, [34 Pac. 618], is illustrative of the principle here involved. Therein the plaintiff recovered damages for personal injuries sustained by her by reason of the negligence of the defendant. The contributory negligence of the plaintiff was an issue at the trial. On the appeal it was urged by the appellant that prejudicial error was committed by the trial court in giving to the jury the following instruction:

"If the jury believe from the evidence that the defendant was guilty of negligence as charged in the complaint, and that the plaintiff was injured thereby, your verdict should be for the plaintiff, and that whether such negligence appears or is proved by the testimony on the part of the plaintiff or by defendant's own witnesses."

In discussing the effect of the obvious defect in such instruction in its failure to take into consideration the possible contributory negligence of the plaintiff, the court said:

" . . . This instruction entirely ignores the question of contributory negligence on the part of plaintiff, and is, therefore not in itself a complete and correct statement of the law, and the defendant insists that the judgment should be reversed for this reason. In answer to this contention it is sufficient to say that the rule is well settled here that instructions are to be read and considered as a whole, and the fact that, when taken separately, some of them may fail to enunciate in precise terms, and with legal accuracy, propositions of law does not necessarily render them erroneous. 'It is sufficient if all the instructions taken together, and not being inconsistent with each other or confusing, shall give to the jury a fair and just notion of the law upon the point discussed.' (Citing cases.) Tested by this rule, we do not think the particular instruction complained of could possibly have misled the jury." And again, after directing attention to other in-

structions given by the court in which the principle of contributory negligence applicable to the case was announced, the opinion of the supreme court continues:

"It will thus be seen that the jury were over and over again instructed in clear and explicit language that the plaintiff was not entitled to recover unless she was at the time of the accident herself exercising ordinary care to avoid the injury of which she complained, and it is not reasonable to suppose that the jury was misled to the prejudice of appellant because the first instruction omitted to say anything upon the subject of the effect of contributory negligence upon plaintiff's right of recovery."

The syllabus in *McFaul* v. *Madera F. & T. Co.*, 134 Cal. 313 [66 Pac. 308], contains the following:

"An instruction directing the minds of the jury to an inherent defect in the machinery, which the defendant might have discovered by reasonable diligence, and of which the plaintiff was ignorant, and could not discover in the ordinary course of his employment, and predicating recovery thereon, is not misleading, because not comprising every element of recovery, where all of the elements essential to a recovery by the plaintiff were fully set forth in other portions of the charge, which must be construed together with such instruction."

And see, generally, 24 California Jurisprudence, page 861, where the California authorities are cited.

Among other things, it may be noted that the criticised instruction contains the statement that if from the evidence the jury should find that on the occasion in question the defendant in the criminal action had not used loud or abusive language, or quarreled with or traduced the complaining witness therein to quarrel, or was not guilty of any other offensive conduct, etc., no probable cause existed for instigating the charge against the defendant in the criminal action. The verdict is tantamount to a finding that the defendant in the criminal action was not guilty of any or either of the several charges of misconduct on her part as specified in the instruction. But while such a finding in itself probably would be insufficient as a basis for a conclusion that the criminal action was instigated from malice by the defendant against the plaintiff, when such implied finding is considered in connection

with an instruction given by the trial court to the jury that malice might be inferred from the fact (if the jury so found) that the prosecution of the defendant in the criminal action was sought by the prosecutrix, not from a desire on her part that peace and order be preserved, but to satisfy some personal grudge—the conclusion is strengthened that in the verdict the finding is written, at least between the lines, that malice in fact was present in the mind of the prosecutrix in instigating the criminal action which was the basis for the case at bar. In any event, it is most manifest that had the instruction of which complaint is made contained the specific additional requirement of malice necessary to the maintenance of the action and the support of a verdict for plaintiff herein, no different result would have been reached.

Appellant presents further criticism of the instruction in question in that the verdict in favor of plaintiff is predicated upon what the *jurors* believed as to whether prior to the issuance of the criminal complaint defendant fairly presented the facts regarding plaintiff's conduct to the justice of the peace before whom defendant appeared and swore to the complaint in the criminal action, rather than what was the honest and reasonable belief of *defendant* regarding the alleged criminal conduct of plaintiff. But while from a strict literal construction such instruction may convey the meaning which appellant would attribute to it, when read with other instructions given to the jury its purport is entirely in harmony with appellant's contention of what constitutes the law with reference to the subject matter of the instruction. At any rate, as heretofore suggested, the point to which appellant refers is so thoroughly and exhaustively covered by other instructions given by the trial court to the jury that, if by any stretch, the point in the abstract might be considered as well taken, by reason of such other declarations of the law its force is spent and it becomes of no avail in the premises.

A third objection to the instruction raised by appellant is that by the language contained therein the jury, in accordance with its "belief," was authorized to determine whether the defendant in the criminal action had so conducted herself that in effect she had committed "no breach of the peace." In the main, such objection is sub-

ject to the same criticisms as heretofore have been indulged with reference to the other points presented by appellant relating to the alleged frailties of such instruction. But, in addition thereto, the point is not available to appellant because, taken in connection with the whole of such instruction, its apparent meaning is that if from the evidence the jury believed that as a matter of fact on the occasion in question the defendant in the criminal action did not use loud or abusive language, etc., notwithstanding which the prosecutrix intentionally misrepresented to the justice of the peace that she had done so—no probable cause existed for the issuance of the criminal complaint.

Appellant predicates error on the refusal of the trial court to give to the jury an instruction requested by defendant that:

"The fact that plaintiff Herlihy was not tried on the charge of disturbing the peace and that the charge was dismissed against her is no evidence of want of probable cause for the prosecution."

While the authorities are in conflict, their weight probably is to the effect that such an instruction should be given. However, as the evidence in the instant case discloses the fact that the criminal action was dismissed "upon the motion of the complaining witness," it would seem that, in accordance with the special rule announced in some of the authorities, in such circumstances at least, a dismissal of the action was some evidence going to the merits of the question of probable cause; but in any event, in view of the fact that all of the facts with reference to whether the defendant in the criminal action had actually conducted herself as charged in the criminal complaint were introduced in evidence, it is clear that, assuming, without deciding, that the instruction should have been given to the jury, the effect of its refusal could not have been that thereby the plaintiff was awarded a verdict when otherwise the verdict would be in favor of the defendant. In other words, in the circumstances, the refusal of the instruction was not prejudicial to the substantial rights of defendant.

It is also urged by appellant that the evidence was insufficient to support the verdict. It would serve no use-

ful purpose to herein set forth the evidence adduced on the trial of the action. Suffice it to say that after an examination of the evidence, this court is convinced that it sufficiently meets the requirements of the law to justify the conclusion reached by the jury in its verdict and by the trial court in its judgment thereon.

Finally, appellant complains that the verdict in the sum of $1,000 was excessive. Attention is directed to the fact that plaintiff's damage for loss of time only was the sum of $16; but it is clear that such an item would fail to take into consideration possible injury to the feelings of plaintiff occasioned through and by the alleged malicious prosecution. In the case of *Shatto* v. *Crocker*, 87 Cal. 629 [25 Pac. 921], it is ruled that in an action of the nature of that here in question, under a general allegation of damages, the plaintiff may be entitled to recover for injured feelings. In any event, if nothing was allowed by the jury on account of the humiliation suffered by plaintiff by reason of the malicious prosecution, the rule is well established that, unless the verdict appears to have been given under the influence of passion and prejudice, it cannot be set aside. (*Scott* v. *Times-Mirror Co.*, 181 Cal. 345, 366 [12 A. L. R. 1007, 184 Pac. 672].) Taking into consideration the circumstances present at the time and immediately following the arrest of plaintiff, it cannot be said that the verdict was excessive.

The judgment is affirmed.

Conrey, P. J., and Hahn, J., *pro tem.*, concurred.