[Civ. No. 7210. First Appellate District, Division One.—September 11, 1930.]

O. M. BENNETT, Respondent, v. L. B. HOGE et al., Appellants.

J. F. Riley for Appellants.

Pierre A. Fontaine for Respondent.

JORGENSEN, J., *pro tem.*—This is an action by plaintiff as assignee of Dr. Evans, a duly licensed doctor of dental surgery for the reasonable value of professional dental services rendered at the request of defendants in and about the mouth of Evelyn A. Hoge, one of the defendants. On defendants' demand the case was tried by a jury and a

verdict rendered for the full amount prayed for in the complaint, to wit, $617, and defendants appeal from the judgment.

Defendants contended there was an express agreement to do the work for $503, with the possible increase or decrease of said amount by $10, and that the services alleged to have been rendered were performed in a careless, negligent and unskilful manner and that defendant Evelyn A. Hoge was caused great pain and suffering, to her damage in the sum of $5,000.

The evidence of Dr. Evans and his assistant clearly showed that the sum of $503 mentioned for the work on his employment was a mere estimate only, and although defendants' evidence tended to the contrary, the jury having determined the facts on the evidence against the defendants, that determination is binding upon this court.

The evidence was ample upon which to base the jury's verdict that the dental services were not rendered on an express agreement for a definite amount, and were reasonably worth the amount set forth in the complaint.

The contention that the gold plates were not usable and therefore valueless on account of the negligence and lack of skill of Dr. Evans was also determined by the jury against defendants. The testimony of Dr. Evans and three dental surgeons amply supports the contention that the work on the plates was skilfully performed. Dr. Evans' testimony supports the finding that the plates positively did fit and should be and were usable.

Opposed to this is the evidence of Mrs. Hoge that they were not usable and caused bleeding, pain, etc. She did not call the dentist who she claims did a fine job after Dr. Evans failed. It is true that the testimony of Dr. Evans on this point was elicited by a question of defendants and that his answer: "The plates as delivered to her positively did fit her month" was not responsive to the question. The following is quoted from the record:

"Counsel for Defendants: I ask that the answer be stricken out, if the Court please.

"Counsel for Plaintiff: That is answered.

"The Court: No, I don't think so.

"Counsel for Defendants: Well, I will repeat the question."

Counsel did not specify the grounds of his motion to strike. ■ A party moving to strike out the answer of a witness must specify the grounds of his objection to it in like manner as he is required to specify the grounds of his objection to the question. (*People* v. *Eckman,* 72 Cal., at 583 [14 Pac. 359]; *Temple* v. *Frank,* 28 Cal. 519; *Sill* v. *Reese,* 47 Cal. 341.)

■ The answer was very material. In fact, we have read the transcript carefully and it appears to be the only evidence sustaining plaintiff's contention on that point. If counsel wished a ruling he should have pressed his objections, instead of saying: "Well, I will repeat the question," which would lead the trial judge and opposing counsel to believe the objection was withdrawn. It was not stricken out. The jury undoubtedly took it into consideration in reaching their verdict, and this court cannot disregard it in reviewing the case. In any event, it is not reversible error, as the evidence was material, and if stricken out could have been received on a proper question from plaintiff's counsel. This court could not reverse this case on this ground, under section 4½, article VI, of the Constitution, for even though it be conceded such evidence should have been stricken out, this court ·certainly cannot say it has resulted in a miscarriage of justice, as the evidence was both competent and material, and as the jury found on conflicting evidence that the plates were properly made and properly fit and the work was skilfully performed, that finding is likewise binding upon this court.

■ Defendants contend that as the sum allowed includes services rendered by a technician and materials for the plates, while the complaint seeks recovery for professional dental services only, the allowance for these sums is improper.

In the court below no motion to strike out or no objections to the introduction of testimony going to and substantiating the claim for these items were made.

In the case of *A. Kron Livery & Undertaking Co.* v. *Weaver et al.,* (Mo. App.) 280 S. W. 54, at 55, the court held in a case where plaintiff sued for services rendered as undertaker the word "services" as used in plaintiff's statement was not restricted to labor performed, but included material and expenditures as well, and that evidence

was properly received as to furnishing hearse, limousine, casket, box, gloves and flowers and expenditures for advertising, minister, etc.

In that case the evidence was received over the objection of defendant in the court below. See, also, *Tracey* v. *Waters*, 162 Mass. 562 [39 N. E. 190], where words in an assignment, "for services rendered under said contract" were held to include claims for expenditures made, and for lumber and materials furnished under the contract as well as for labor performed thereunder.

We think that the technician's services and materials were merely incidental to and are included within the terms used, to wit: professional services rendered.

■ Appellants complain of instruction No. 10, because it does not cover all the issuable facts. The answer is that it is not necessary that one instruction should cover all the issuable facts.

If upon reading the whole body of instructions the law is fairly stated without conflict, the fact that one instruction fails to contain a complete statement of the law applicable to the case does not present such a condition as necessarily to indicate reversible error. All the instructions are to be construed together. If the other instructions cover the omitted point or points it is sufficient. The objection that instruction No. 10 ignores defendants' contention that there was an agreement to do the work for a fixed sum is met and covered by instruction No. 25, offered by defendants, and instructions Nos. 14, 15, 16 and 17 fully cover the question of the result to be accomplished, to wit, to put Mrs. Hoge's mouth in good normal condition and the character of the work to be done, negligence, etc., which defendants allege to be ignored by instruction No. 10. (See *Herlihy* v. *Reilly*, 92 Cal. App. 37 [267 Pac. 721]; *Stephenson* v. *Southern Pacific Co.*, 102 Cal. 143 [34 Pac. 618, 36 Pac. 407]; *McFaul* v. *Madera F. & T. Co.*, 134 Cal. 313 [66 Pac. 308].)

■ We have considered appellant's objections to the instructions as to the degree of care and skill to be used in performance of services by a dentist. The instructions complained of have been approved by the courts of this state in similar cases, and there is no merit in appellant's contention.

If we were trying the case in the first instance we might come to a different conclusion than the jury, as the dentist's bill might appear to a layman to be excessive, but this court is bound by the verdict of the jury where the same is sustained by any evidence, as is the case here.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 11, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 10, 1930.