[L. A. No. 225.  Department Two.—June 16, 1897.]

# ROSARIO NIOSI, Appellant, v. EMPIRE STEAM LAUNDRY et al., Respondents.

Negligence—Collision of Wagon with Foot Traveler—View of Premises by Jury—Discretion.—In an action brought against a laundry company for alleged negligence in driving its laundry wagon so as to collide with and injure the plaintiff, while crossing an alley into which the wagon was passing from the street, where the accident occurred in a well-known street of a populous city, and the facts are not complicated nor obscure in reference to the place in which they happened, there is no abuse of discretion in refusing to permit the jury to view the premises.

Id.—Review upon Appeal—Insufficient Statement.—Where the statement upon appeal does not contain any specification of error in refusing to permit the jury to view the premises, nor contain the alleged ruling of the court and the exception thereto, the point is not properly saved for consideration upon appeal.

Id. — Contributory Negligence — Inattention of Foot Traveler at Crossing of Alley—Heedlessness of Warning.—Where the collision between plaintiff and the laundry wagon of the defendant occurred at the crossing of a sidewalk by an alleyway, and it appeared that plaintiff's attention, when he reached the curb of the alleyway, was distracted, and that after stopping at the curb he stepped into the alleyway without exercising proper circumspection and care, and without heeding a warning shouted by the driver of the laundry wagon, with the wheel of which he collided as it was passing into the alleyway from the street, a verdict for the defendant is fully warranted by the evidence.

Id.—Duty of Foot Traveler at Crossing.—Where a foot traveler is crossing a highway over which vehicles are accustomed to pass, it is his duty to look both ways before crossing, and he is bound generally to the exercise of the same care to avoid the injury that the drivers of the vehicles are to prevent injuring him.

Id.—Crossing of Sidewalk by Public Alley.—Where an alley is a public highway, over which vehicles are frequently driven, its roadway along and across the sidewalk of the street into which it enters is necessarily a part of the public highway for vehicles, as much as are the street crossings of any of the main thoroughfares.

Id.—Instructions—Inevitable Accident. — Where the jury might reasonably have believed that the injury was the result of a casualty occasioned without fault, it is proper to instruct the jury upon the rule of law that for inevitable accident occurring when one is engaged in a lawful business with due care, damages may not be recovered.

Id.—New Trial—Newly Discovered Evidence—Cumulative Proof.— A new trial should not be granted for newly discovered evidence which is merely cumulative upon matters fully presented to the jury.

Appeal from a judgment of the Superior Court of Los Angeles County.  Lucien Shaw, Judge.

The facts are stated in the opinion of the court.

*Murphey & Gottschalk*, for Appellant.

Drivers of vehicles are held to the greatest circumspection to prevent injury to foot travelers, and their duties are not coequal. (*Sykes* v. *Lawlor*, 49 Cal. 236; *Williams* v. *Richards*, 3 Car. & K. 81; *Murphy* v. *Orr*, 96 N. Y. 14; *Crowley* v. *Strouse* (Cal. 1893), 33 Pac. Rep. 456; *Reens* v. *Mail etc. Co.*, 30 N. Y. Supp. 913; 10 Miss. Rep. 122; Shearman and Redfield on Negligence, secs. 446, 654.) The rule is not the same at a street crossing as at a railroad crossing. (*Lynam* v. *Union Ry. Co.*, 114 Mass. 83; *Bowser* v. *Wellington*, 126 Mass. 391; *Williams* v. *Grealy*, 112 Mass. 79; *Hanks* v. *Boston etc. R. R. Co.*, 147 Mass. 495.) The failure to look before crossing is not conclusive evidence of want of due care. (*Chaffee* v. *Boston etc. R. R. Corp.*, 104 Mass. 108; *Shapleigh* v. *Wyman*, 134 Mass. 118; *Gillespie* v. *Newburgh*, 54 N. Y. 468.)

*Chapman & Hendrick*, for Respondents.

Foot travelers and vehicles have an equal right to the street, and no more, and the same duty of ordinary care rests upon each. (Shearman and Redfield on Negligence, sec. 314.) The foot traveler must look both ways at a crossing. (*Barker* v. *Savage*, 45 N. Y. 191; 6 Am. Rep. 66; *Cotton* v. *Wood*, 8 Com. B. 566.) The instruction as to inevitable accident was proper, and applicable to facts in proof. (Shearman and Redfield on Negligence, secs. 5, 6; *Brown* v. *Kendall*, 6 Cush. 292.)

HENSHAW, J.—Appeals from the judgment and from the order denying the plaintiff a new trial.

Defendant Frank Staut was the driver of a wagon of the defendant Empire Steam Laundry. Plaintiff charged that he was injured by the negligence of the defendant laundry and its employee, Staut, under the following circumstances: About the hour of noon he was walking on the north sidewalk of Second street, in the city of Los

Angeles, going east to his home.   Mott alley, a public highway of the city of Los Angeles, extends from First street to and across Second street, and bisects the block upon which ·plaintiff was walking.   The roadbed of Mott alley is about six inches lower than the curb of the sidewalk upon Second street.   Plaintiff had stepped from this curb into Mott alley when a wagon of the defendant laundry company driven by Staut struck him, fractured his kneepan, and subjected him to grievous bodily injuries.   The defendants denied negligence upon their part and pleaded affirmatively the contributory negligence of the plaintiff.   The verdict of the jury upon the evidence was in favor of the defendants.   Without entering upon an extended presentation of that evidence it may be said that while, as is usual in such cases, there was a conflict of testimony, yet the verdict of the jury was fully warranted.   It appeared that Niosi's attention when he had reached the curb was attracted by two newsboys who were fighting in the alleyway.   He stopped and watched them.   Then, either with his attention still directed to the boys, or in any event without exercising proper circumspection and care, he stepped into the alleyway, when his leg came in contact with the wheel of the laundry wagon being slowly driven therein from Second street.   The driver of the wagon appeared to have been watchful, and to have shouted to the plaintiff when he saw that the accident was imminent, but the plaintiff either could not or did not heed the warning.

Appellant contends that it was error for the court to refuse to permit the jury to view the premises.   There is no specification of error in the statement in this regard, nor yet does the statement contain the alleged ruling of the court and the exception thereto, which alone would save the point for consideration by this court.   Moreover, the accident occurred upon a well-known street of a populous city.   There was nothing intricate or complicated in the facts nor obscure in the

place of the happening, and we can discern no abuse of discretion in the refusal.

The court instructed the jury as follows: "As already stated, ordinary care or its opposite, neglect, are not absolute terms, but they have reference to times, places, and circumstances, and where a foot traveler is crossing a street where vehicles are numerous it is his duty to look both ways before crossing, and he is bound generally to the exercise of the same care to avoid injury that the drivers of the vehicles are to prevent injuring him." Appellant complains that he was not upon the street at the time of the injury, but was upon a sidewalk; but the sidewalk was interrupted by Mott alley, a public highway upon which vehicles were frequently driven. The roadway of Mott alley along the line of the sidewalk of Second street was necessarily a part of the public highway for vehicles, as much so as are the street crossings of any of the main thoroughfares. The attack upon the proposition of law embraced in this instruction is no better founded. It is well settled by both English and American cases that, while it is the duty of the driver of a vehicle to look out for foot passengers, it is equally the duty of the foot passenger to use care before entering upon a highway where vehicles frequently pass and repass, to see that he is not in immediate danger from the near approach of any of them. Thus it is said by Pollock, C. B., in *Williams* v. *Richards,* 3 Car. & K. 81: "It is the duty of persons who are driving over a crossing for foot passengers, which is at the entrance of a street, to drive slowly, cautiously, and carefully, but it is also the duty of a foot passenger to use due care and caution in going upon a crossing at the entrance of a street, so as not to get among the carriages, and thus receive injury." Again, it is said by Erle, C. J., in *Cotton* v. *Wood,* 8 Com. B. 566: "It is as much the duty of foot passengers attempting to cross a street or road to look out for passing vehicles, as it is the duty of drivers to see that they do not run over

foot passengers." In *Barker* v. *Savage,* 45 N. Y. 191, 6 Am. Rep. 66, it is declared: "To enter upon a street crossing in a city where the moving vehicles are numerous, and a collision with them likely to produce serious injury, without looking in both directions along the street to ascertain whether any are approaching, and, if so, their rate of speed, and how far from the crossing, would not only be the omission of reasonable care for one's own safety, but an act of rashness. . . . . Neither footmen nor teams have any right of way superior to the other. They each have the right in common and equally with the other, and in its exercise are bound to exercise reasonable care for their own safety, and to avoid doing injury to any others who may be in the exercise of the equal right of way with them."

Complaint is also made of certain instructions given by the court announcing the well-settled rule of law that for inevitable accident occurring when one with due care is engaged in a lawful business, damages may not be recovered. It is contended that there is nothing to disclose that the accident was inevitable and occasioned without fault. To the contrary, we think that, under the facts of the case, the jury might reasonably have believed that the injury was the result of a casualty occasioned without fault, and it was to this theory of the case that the instructions were addressed. Upon the whole, we can see no just cause for complaint of the action of the court, either in giving or refusing instructions.

The affidavit of newly discovered evidence upon motion for a new trial, even if properly here considered, discloses that the new-found evidence was merely cumulative upon matters fully presented to the jury.

The judgment and order appealed from are affirmed.

McFarland, J., and Temple, J., concurred.