[L. A. No. 8183. In Bank.—January 8, 1929.]

W. H. FILSON, Respondent, v. M. J. BALKINS, Appellant.

Haas & Dunnigan and C. H. Veale for Appellant.

Jones, Wilson & Stephenson and Wm. Fleet Palmer for Respondent.

PRESTON, J.—Action for personal injuries. Plaintiff had judgment for $1500 and defendant has appealed.

On July 24, 1923, plaintiff was struck by an automobile driven by defendant and was quite seriously injured.

The place of the accident was three or four feet west of the center line of the highway running north and south and at a point two miles south of the town of Newhall in Los Angeles County. The traveled part of the roadway in this region was twenty-one feet. The automobile was coming from the south, traveling north. The proper side of the highway, according to the law of the road, was the east side thereof, but plaintiff was struck on the west side thereof, the machine being on that side.

Evidence was received that the road was clear of traffic; that defendant was traveling some thirty miles per hour and that no warning of any kind was given; hence the verdict of the jury that defendant was negligent cannot be disturbed.

█ In fact, the only question made is that plaintiff, as a matter of law, was guilty of contributory negligence, but we confess a total inability to see any merit in this contention under the plaintiff's evidence.

For some 500 or 600 feet south of the point of the accident, the road, though on an incline, was without any curve. On the day of the accident plaintiff was acting as the foreman of a crew of men repairing a pipe-line of the Midway Gas Company, which traversed the west line of said highway. Near the point of the accident these employees were tunneling under the highway from the west side thereof a distance of six feet to effect a pipe connection. Warnings that men were at work on the highway were posted both north and south of this point at a distance of about one-half mile therefrom. Defendant admits that he saw the men at work when he approached within about 150 feet of them. Just prior to the accident plaintiff had been requested to go to the east side of the highway to secure two flags to be used in directing traffic away from this excavation. After securing the flags, he approached the highway and after waiting for two vehicles to pass, gazed to the north and to the south. He saw no traffic except defendant's car, which he judged to be some 400 or 500 feet distant. Believing that he had plenty of time to recross the highway in safety, he proceeded without further outlook at a moderate gait and at an angle of about forty-five degrees. Upon reaching the center of the highway, he gazed to the north, the proper place to expect traffic. Seeing none, he proceeded and when he had reached a point three or four feet beyond the center, de-

fendant, apparently endeavoring to swerve in front of and around him, struck him, plaintiff coming in contact with the front side of the car. Skid marks were found upon the ground indicating that defendant had skidded some twenty feet. The marks originated upon the east side but ended wholly upon the west side of said highway. Plaintiff heard no warning or signal of any kind and was struck without a realization that defendant was near him.

While admittedly it is the equal and reciprocal duty of the driver of the vehicle and the pedestrian to use ordinary care while upon the highway, it is usually a question of fact and not of law whether either has in fact done so. Plaintiff says that on investigation he saw defendant some 400 or 500 feet away and proceeded across the street with the belief that he would have ample time to cross and that he relied upon the presumption that defendant would obey the law of the road and remain on the east side of the highway. Who can say, as a matter of law, that he was not warranted in this assumption? Who would expect to be struck by a north-bound car after reaching the west half of the road? We know of no rule of law that absolutely required the plaintiff to keep a continuous gaze to the south after examination and appraisal of the situation and the justifiable conclusion that he could cross in safety. (*Henry* v. *Lingsweiler,* 81 Cal. App. 142 [253 Pac. 357].)

The whole situation is summed up in the thought that evidence exists which amply warranted the jury in finding that plaintiff exercised ordinary care for his safety in making the decision that it was safe to cross the highway. This conclusion makes it unnecessary to discuss the application of the doctrine of last clear chance. The same observation may be made as to the necessity of discussing the applicability of the more liberal rule of duty of a workman upon the street or highway. (*State Ins. etc. Fund* v. *Scamell,* 73 Cal. App. 285 [238 Pac. 780].) A similar case to the one at bar on the facts is *Wortman* v. *Trott,* 202 Ill. App. 528.

The judgment is affirmed.

Curtis, J., Langdon, J., Seawell, J., Richards, J., Shenk, J., and Waste, C. J., concurred.