[L. A. No. 14519. In Bank.—May 17, 1934.]

AGNES SALOMON, Appellant, v. ALBERT F. MEYER, Respondent.

Fred W. Morrison for Appellant.

Paul Barksdale D'Orr and Thomas A. Reynolds for Respondent.

Glensor, Clewe, Schofield & Van Dine, as *Amici Curiae* on Behalf of Respondent.

THE COURT.—This appeal is prosecuted from a judgment rendered upon a verdict in favor of the defendant in an action for damages on account of injuries sustained in an automobile accident. The defendant pleaded contributory negligence on the part of the plaintiff and the only error specified is an instruction on that phase of the case. The accident occurred while plaintiff was crossing Jefferson Street at Gramercy Place, in the city of Los Angeles, between 5:30 and 6 o'clock on the evening of December 4, 1928. The plaintiff was crossing Jefferson Street from north to south, using the pedestrian lane, which was marked out with white lines. She was a woman of about seventy-two at the time of the accident. She testified that she was wearing her glasses and could see quite well, that she stood on the curb before attempting to cross and looked both east

and west and saw a car in each direction but both were "far away" so that she thought she was safe and started across the street at a fast walk, looking straight ahead and walking on the white line, and had reached the car tracks (which one of the tracks she did not know) when a car struck her from behind. She did not see the car which hit her and does not know by what part of it she was struck. She admits that she did not look either up or down Jefferson Street after leaving the curb. As a result of the collision plaintiff was very badly hurt.

Defendant testified that he was driving west on Jefferson, the wheels of his car straddling the north rail of the north car track, that he was traveling between twenty-two and twenty-five miles an hour, that he first saw the plaintiff when she was about six or eight feet away and about half-way between his car and the north curb of Jefferson Street and that he put on the brakes and swerved sharply to the left in an attempt to avoid her but that she kept on and walked into the right rear fender of his car. The testimony of defendant, and of bystanders as well, shows that Mrs. Salomon fell in the pedestrian zone, which would indicate that she did in fact walk into the car, although two witnesses said that she was struck by the right front fender.

It was stipulated that by a Los Angeles city ordinance it was "unlawful for the operator of any vehicle to drive into any cross walk outside of the central traffic district which is marked as provided . . . while there is in such cross walk upon the half of the roadway upon which such vehicle is traveling any pedestrian engaged in crossing the roadway, until such pedestrian shall have passed beyond the path of said vehicle". This was not in the central traffic district. On the question of the plaintiff's contributory negligence the following instruction was given and it constitutes the sole error complained of by the appellant: "I instruct you that it is a duty resting upon any person attempting to cross a street that is likely to be dangerous, before placing himself or herself in a position of danger, to look in the direction from which such danger is to be anticipated. This is a continuing duty, and is not met by looking once and then looking away. In the exercise of ordinary care it is the duty of the pedestrian to look to the right and to the

left whenever he or she has voluntarily put himself or herself into a position which may be one of peril coming from either direction.

"If you believe from the evidence in this case that the plaintiff, in attempting to cross the street, did so without exercising that degree of care which would have been exercised by a person of ordinary prudence, under the instructions that I have just given you, and if you find that such failure upon her part proximately contributed to her injury, then the plaintiff cannot recover, and your verdict must be in favor of the defendant; and this is true even though you may believe that the driver of the automobile was also negligent.''

█ It is the appellant's contention that the trial court invaded the province of the jury and committed prejudicial error by giving the charge that it was plaintiff's duty to continue to look both ways after she had testified that she looked in both directions before she started to cross, saw two cars each at a distance, concluded it was safe to cross and so did not look again. This contention must be sustained. It is true, as pointed out in the opposing briefs, that similar instructions laying on the pedestrian the duty of looking in both directions before proceeding into a position of probable danger were given in the cases of *Niosi* v. *Empire Steam Laundry,* 117 Cal. 257 [49 Pac. 185], and *Sheldon* v. *James,* 175 Cal. 474 [166 Pac. 8, 2 A. L. R. 1493], and that the instruction complained of was probably modeled on language employed by this court in the case last cited and in *Davis* v. *John Breuner Co.,* 167 Cal. 683 [140 Pac. 586]. These instructions, however, have been limited in their application to the particular facts involved in each case. (*Burgesser* v. *Bullock's,* 190 Cal. 673, 676 [214 Pac. 649].) In the Niosi and Davis cases the plaintiff had failed to look in both directions before starting across a busy city thoroughfare. In *Sheldon* v. *James, supra,* the plaintiff was crossing the street in a long diagonal in the middle of the block and was struck by a car backing into a vacant parking space on the opposite side of the street when he had almost completed the crossing. The court there said, at page 479: "The observation of ordinary care by such a pedestrian is not fully performed by merely looking to the left or right as

he steps upon the street. The observance of that care is imperative upon him during all of the time that he is crossing. (*Scott* v. *San Bernardino Valley etc. Co.*, 152 Cal. 604 [93 Pac. 677].) Here it is in evidence from plaintiff's own witnesses that the automobile in backing up the grade made an extremely loud and raucous noise sufficient to attract the attention of people upon the opposite side of the street, and such as should have attracted the attention of the plaintiff before he put himself in a place of danger. If, then, under these circumstances he did not look, the jury was justified in concluding that he was negligent in not having looked. We do not construe the instruction given as meaning that it is the duty of a pedestrian to look backward, nor yet as an effort to standardize the law by declaring that a pedestrian must constantly and continuously be looking from right to left. We construe it to be no more than a declaration that in the exercise of ordinary care it is the duty of such a pedestrian to look to the right and to the left whenever he has voluntarily put himself in a position which may be one of peril coming from either direction, and in particular where he has received adequate warning of the likelihood of peril." In *Sheldon* v. *James, supra,* the instruction was as follows: "Ordinary care, or its opposite, neglect, are not absolute terms, but they have reference to times, places and circumstances, and where a plaintiff is a foot passenger, crossing a street where vehicles are numerous, it is his duty to look both ways, . . . " and substantially the same language was used in *Niosi* v. *Empire Steam Laundry, supra.* In neither was the duty described as "continuing".

The vice of the instruction here complained of lies in the unqualified statement that "this is a continuing duty, and is not met by looking once and then looking away". Whenever there is room for an honest difference of opinion between men of average intelligence the question of whether the plaintiff was negligent in failing to look again in the direction from which the defendant's car was approaching is a question of fact for the jury and the finding of the triers of fact is conclusive. (*McQuigg* v. *Childs*, 213 Cal. 661 [3 Pac. (2d) 309].) Counsel for appellant have made calculations based upon the speed with which the plaintiff walked and the speed at which the defendant testified he

was driving, the accuracy of which is not challenged by the respondent, and by which it is claimed to have been shown that the car was at least 132 feet away when the plaintiff saw it as she stood on the curb. Whether plaintiff's conduct thereafter in proceeding across the street in the crosswalk without again observing the approach of the defendant was consistent with ordinary care is a question to be determined from a consideration of all the facts and circumstances of time, place and conditions of traffic. (*McQuigg* v. *Childs, supra; Pinello* v. *Taylor*, 128 Cal. App. 508 [17 Pac. (2d) 1039] ; *Long* v. *Barbieri*, 120 Cal. App. 207 [7 Pac. (2d) 1082].) In the last two cited cases the plaintiff was not only using a clearly marked crosswalk but was crossing in accordance with the traffic signals. Respondent has attempted to make a distinction upon that basis. Such a distinction is unsound as the existence or nonexistence of traffic signals is only a further circumstance to be considered in determining the reasonableness of the plaintiff's conduct. In view of the stipulated ordinance, the plaintiff, in the absence of any reasonable ground for thinking otherwise, had a right to assume that she would not, while walking in the pedestrian lane, be exposed to danger through a violation of the traffic laws. (*McQuigg* v. *Childs* and *Pinello* v. *Taylor,* both *supra.*) Whether she had reason to believe the defendant would not obey the law and stop is a question for the jury also.

It is argued that this instruction is not assailable on the ground that it took away from the jury the right to determine whether the plaintiff was contributorily negligent because it left to the jury the determination of the questions of whether she had voluntarily placed herself in a position of possible peril and whether she had attempted to cross the street without exercising the degree of care which would have been exercised by a person of ordinary prudence and that, under the instruction, the jury had first to find that she had knowingly placed herself in a place of probable peril. Respondent points to the second paragraph of the instruction in support of this contention. Although it was by this paragraph left to the jury to find whether plaintiff had attempted to cross the street without using the degree of care which would have been exercised by an ordinarily

prudent person, they were told to do so "under the instructions I have just given you", which set up continued observance as a definite and absolute standard of duty, upon the basis of an assumption that she had voluntarily placed herself in a position of probable danger, thus fixing for the jury a measure of ordinary care without requiring them to first find, as a condition of its application, that the plaintiff had exposed herself to a continuing danger. Under the holding of *Long* v. *Barbieri, supra,* this should have been made an express condition of a finding of contributory negligence under the instruction given.

Having determined that the trial court fell into error in giving this instruction, we cannot escape the conclusion that it was prejudicial. The negligence with which the plaintiff was charged began and ended with her failure to look for approaching cars after she had left the curb. She admitted she did not look thereafter. The jury was told that one attempting to cross a street likely to be dangerous must first look in the direction from which danger was to be anticipated, that it was a continuing duty and was not met by looking once and that, having put one's self in a position which may be one of peril, there is a duty to look to the right and to the left. Applying this inflexible measure of ordinary care to the admitted facts, the jury could not have found otherwise than that the plaintiff had failed to exercise it.

Judgment reversed and case remanded.