[Civ. No. 1752. Fourth Appellate District.—June 15, 1936.]

WILLIAM IKENBERG, Respondent, v. HAROLD CARLOCK, Appellant.

Osborn & Burum for Appellant.

W. C. Dorris and H. E. Schmidt for Respondent.

BARNARD, P. J.—The defendant has appealed from a judgment for $750 in favor of the plaintiff in an action for damages for personal injuries.

The accident occurred at the intersection of Chester Avenue and 18th Street in Bakersfield. Chester Avenue runs north and south and 18th Street east and west. There are pedestrian zones marked on each of the four sides of this intersection and traffic is controlled by stop and go signals on the four corners. The signals on the southeast corner and northwest corner show the word "Go" for traffic to move north and south, and those on the northeast corner and southwest corner give a similar sign for traffic to go east and west. There is an interval of six seconds during which all of the signals display a stop sign to permit traffic one way to clear the intersection before traffic from the other way is admitted.

About 5:30 P. M. on November 21, 1933, the appellant, while driving an automobile north on Chester Avenue, struck the respondent who was crossing that street, going from east to west in the pedestrian zone, on the north side of that intersection. It appears without dispute that this is a blind intersection and there is evidence that the appellant was traveling at a speed of thirty miles an hour or more, and that his car knocked the respondent up in the air some six or seven feet from the ground.

The only point raised is that the respondent was guilty of contributory negligence as a matter of law, and that there is no evidence to support the findings in favor of the respondent on that issue. It is earnestly contended that all of the evidence shows that the north and south signals were open when the appellant passed through the intersection, and that

the respondent attempted to cross the street when the east and west signals were closed against him.

While there was evidence to this effect, there was some evidence that all of the signals were closed to traffic at the moment the collision occurred and there was also evidence, given by the respondent and one eyewitness, that the signals were open for east and west traffic at the time the respondent was crossing the street. While these witnesses showed some confusion as to the location of the signals on the respective corners of the intersection they each testified that the signals were open for traffic east and west, and the possible conflicts in the testimony have been resolved by the trial court in favor of the respondent.

In addition, there was evidence that the appellant entered the intersection when the signals were closed to north and south traffic and the trial court was not compelled to hold that the respondent's negligence, if any, was a proximate cause of the accident. Another eyewitness testified that the appellant thus entered the intersection and the appellant, when asked why he had not seen the respondent before hitting him, replied: "Instinctively, I was glancing left for oncoming traffic, and when I glanced back is when I saw Mr. Ikenberg." The traffic from his left was only to be expected when the signals were open for travel in that direction and while he was crossing the first half of the intersection, and the fact that he was looking for the same strongly suggests that when he entered the intersection the way was open for such traffic.

The evidence is conflicting and it cannot be said, as a matter of law, that the respondent was guilty of contributory negligence which proximately contributed to his injury.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.