[Civ. No. 2928.   Fourth Dist.   Dec. 1, 1941.]

EFFIE C. SANKER et al., Respondents, v. CHARLES HUMBORG, Appellant.

Albert Launer and Elmer Guy for Appellant.

William L. Waters for Respondents.

MARKS, J.—This is an appeal from a judgment for damages suffered by plaintiff, Effie C. Sanker, widow of Rudolph H. Sanker, as a result of the death of Mr. Sanker caused by his being struck by an automobile driven by defendant.

■ The sole point urged for a reversal of the judgment is that Mr. Sanker, as a matter of law, was guilty of negligence that proximately contributed to his injury and death and that the findings to the contrary are not supported by the evidence.

Commonwealth and Malden Avenues are public streets of the city of Fullerton. Commonwealth Avenue has a width of seventy-two feet between curbs and runs east and west. Malden Avenue has a width of forty feet between curbs and intersects Commonwealth Avenue at right angles. There were marked pedestrian crosswalks ten feet wide across Commonwealth Avenue opposite both sidewalks on Malden Avenue.

On April 11, 1940, shortly after five o'clock in the afternoon, Mr. Sanker was proceeding south in the east crosswalk of Commonwealth Avenue and when a few feet north of the center line he was struck by defendant's automobile which was traveling west on that street. There is evidence that Mr. Sanker looked to his right and to his left at the time he entered the traveled portion of Commonwealth Avenue. No one saw him look again.

Under these circumstances we cannot hold that Mr. Sanker was guilty of contributory negligence as a matter of law. That question was one of fact for the trial judge as Mr. Sanker took some precaution for his safety before proceeding into a position which proved to have been one of danger. Further, he was in a marked pedestrian crosswalk and entitled to the protection the law gives him while lawfully there. (Sec. 560a, Vehicle Code.)

■ It is now well established in California that where a pedestrian, about to cross a public street, looks before he places himself in a position where he may be in peril, and either fails to see an approaching vehicle or misjudges its distance from him or its speed, and proceeds on his way without again looking, the question of his negligence generally is one of fact and not of law; that where he does not look at all or when he looks from a position where he cannot see and takes no precaution for his own safety the question of his negligence generally is one of law and not of fact. Among the many cases supporting this rule we cite the following: *Salomon* v. *Meyer*, 1 Cal. (2d) 11 [32 Pac. (2d) 631]; *White* v. *Davis*, 103 Cal. App. 531 [284 Pac. 1086]; *Rapp* v. *South-*

*ern Service Co.,* 116 Cal. App. 699 [4 Pac. (2d) 195] ; *Shaw* v. *Robertson,* 8 Cal. App. (2d) 520 [48 Pac. (2d) 128] ; *Ikenberg* v. *Carlock,* 14 Cal. App. (2d) 577 [58 Pac. (2d) 672] ; *Hall* v. *Kaufman,* 37 Cal. App. (2d) 264 [99 Pac. (2d) 339]. As Mr. Sanker looked from a position from which he could see before placing himself in a position where he might have been in peril, the question of his negligence was one of fact and we cannot disturb the finding of the trial judge to the effect that he was not guilty of contributory negligence.

Defendant has attempted to appeal from the order denying his motion for new trial. Such an order is not appealable. (Sec. 963, Code Civ. Proc.)

The attempted appeal from the order denying the motion for new trial is dismissed.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.