[Civ. No. 14340.   Second Dist., Div. Three.   July 28, 1944.]

BEN S. K. BENNETT, Appellant, v. WILLIAM D. ROBERTSON, Respondent.

Joel Terrell for Appellant.

Parker & Stanbury and Harry D. Parker for Respondent.

BISHOP, J., pro tem.—The plaintiff and the front of defendant's automobile came together, about nine o'clock on a 1942 October evening, near the middle of a street which was in the dimout zone along the ocean front. Neither party saw the other until the moment of impact, and the jury could, with reason, have found each guilty of negligence which was a proximate cause of the accident. Plaintiff does not appear to have been negligent, as a matter of law, however, so that

erroneous instructions which placed plaintiff's cause in a bad light before the jury require the reversal of the judgment for the defendant.

Plaintiff knew that the dimout conditions prevailed. He walked rapidly across the street and into the path of defendant's car. Before he started across the street he looked for oncoming cars, so he stated, and as he progressed he looked again, but saw no car approaching. The record reads: "I saw headlights up the street but I saw no white lights." It does not matter whether, as plaintiff claims, for "headlights," there should appear "red lights," for it would appear either that plaintiff looked and did not see the lights of defendant's car, if, as defendant's witnesses stated, they were burning, or saw them and misjudged its speed and distance. In either event, whether the plaintiff was negligent was a question of fact for the jury. (*Watkins* v. *Nutting* (1941), 17 Cal.2d 490, 495 [110 P.2d 384]; *Sanker* v. *Humborg* (1941), 48 Cal.App.2d 203, 204 [119 P.2d 431].) We cannot with propriety say, therefore, that the jury returned a verdict for the defendant because of plaintiff's negligence.

The defendant, according to his own testimony, was driving in the dimmed out zone, with only his parking lights to illumine objects in his path, yet was traveling eighteen miles per hour. As he failed to see the plaintiff until a "second" before he struck him, the jury might well have concluded that the defendant was guilty of negligence in driving at the speed at which he drove, and that the accident was due to that negligence. But the court advised the jury: "The basis speed law of this State reads as follows: 'No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for the traffic on, and the surface and width of the highway, and in no event at a speed which endangers the safety of persons or property.' The fact, if it be a fact, that the injury to the plaintiff resulted because the car was driven at a speed greater than was reasonable or prudent does not in and of itself show that the driver was guilty of negligence. Whether he was or was not guilty or negligence is to be determined from the surrounding circumstances of which the speed at which he traveled is one of such circumstances." This instruction contains an incorrect statement of the law. Proof of speed in excess of one of the prima facie limits set forth in section 511 of the Vehicle

Code does not establish negligence as a matter of law (Veh. Code, § 513) but to state that driving a motor vehicle ''at a speed greater than was reasonable or prudent'' is not negligence, is to rob ''negligence'' of much of its meaning. The concluding sentence, by creating a further conflict of ideas, did not cure the confusion. We cannot say that this instruction did not deter the jury from finding that the defendant was negligent because of the speed at which he drove. The error in its giving must be characterized, therefore, as prejudicial.

The following instruction is also an incorrect statement: ''You are instructed that if you find from the evidence that both the plaintiff Mr. Bennett and the defendant Mr. Robertson were exercising ordinary care in their own behalves at the time and place of the accident involved herein, and that the proximate cause of the said accident was the lighting condition and poor visibility existing at the scene of the accident, then you should find that the said accident was unavoidable, and under these circumstances your verdict must be in favor of the defendant Mr. Robertson herein, regardless of whether the plaintiff was in the cross walk or not.'' In considering whether or not the defendant exercised ordinary care, the jurors' attention should have been centered on whether he exercised care not to injure others, particularly the plaintiff, not on the care exercised by the defendant on his own behalf.

The defendant complains of other matters, but we feel it unnecessary to discuss them.

For the reasons given, the judgment is reversed.

Desmond, P. J., and Wood (Parker), J., concurred.