[Civ. No. 12993. First Dist., Div. Two. June 28, 1946.]

MARGARET GOODWIN, Appellant, v. JAMES K. FOLEY, Respondent.

Melvin M. Belli and Guernsey Carson for Appellant.

Keith, Creede & Sedgwick for Respondent.

GOODELL, J.—This action was brought by appellant to recover damages for injuries sustained in a collision between herself and an automobile driven by respondent at the intersection of Post and Polk Streets in San Francisco. Post Street runs approximately east and west and is intersected by Polk Street at right angles. The intersection is level and is marked by pedestrian crosswalks about 10 feet wide, the boundaries of which are painted in white lines. At the time of the accident the appellant was endeavoring to cross Post Street in the marked crosswalk and respondent was driving his automobile westerly on Post Street. The accident occurred during daylight on March 24, 1944, about 6:30 p. m.

The appellant testified that a few moments before the accident she left her apartment on the north side of Post Street, and walked west to Polk Street. She watched the traffic as she walked up to the corner because she intended to cross the street, and noticed that cars were passing in both directions. Although she could not remember whether she looked in either direction as she stepped off the curb, she stated that she stepped out beyond the line of cars parked on the north side of the street to see if there were any cars coming from her left. She saw a car about half a block away which she realized was traveling fast—"too fast for me to get across the street"—stepped backward to return to the curb. She stated that she had no further recollection of the circumstances of the accident, but believed that she was struck by the automobile before she was able to reach the curb. Apart from the testimony of the respondent and one of the passengers riding in his car, the record contains no testimony of any person who observed the appellant prior to or at the moment of the accident.

The respondent testified that at the time of the accident he was en route to his home from work. He had turned his automobile into Post from Larkin Street, a block east of the intersection where the accident occurred, and throughout that block his maximum speed was from 10 to 12 miles an hour. His car was about a foot and a half from the cars parked on the north side of the street and although he was driving against the sun, his visor was down so that he was able to see without the sun glaring in his eyes. It was his intention to turn to the right at Polk Street, and about 25 feet from the intersection he shifted to second gear because the traffic on Polk Street required that he reduce his speed. He stated that he first saw the appellant when his car was about 6 or 7 feet east of the easterly line of the crosswalk. At that time the crosswalk was clear and appellant was standing on the sidewalk about a foot or a foot and a half east of the easterly boundary of the crosswalk. As the car approached the crosswalk, she started off the curb at a rapid pace. Respondent realized that she was going to walk into the car, and applied his brakes immediately, bringing his car to a stop in the middle of the crosswalk. At that moment appellant walked into the side of his right front fender and fell to the ground, landing within the white lines. Respondent stated that he did not remember whether appellant looked to her left or to her right as she stepped off the curb. During the course of the few steps before she collided with the car she continued to look straight ahead, as near as he could see.

The jury returned a verdict for the defendant, and the plaintiff prosecutes this appeal from the judgment thereon and from the order denying her motion for a new trial. The latter order is nonappealable and the appeal therefrom should be dismissed. (*Wilbur* v. *Donohoe Kelly Banking Co.,* 10 Cal.2d 473 [75 P.2d 514]; *Padilla* v. *Padilla,* 38 Cal.App.2d 319 [100 P.2d 1093]; *Sanker* v. *Humborg,* 48 Cal.App.2d 203, 205 [119 P.2d 431]; Code Civ. Proc., § 963.)

Appellant's sole contention is that the judgment should be reversed because of the trial court's error in instructing the jury as follows: "You are instructed that even though a pedestrian has the right of way, she cannot proceed blindly and in reckless disregard of obvious danger, but must exercise ordinary care to avoid a collision if the same could be avoided by the exercise of such care. And it is the duty of a pedestrian in the exercise of ordinary care, *before*

*placing himself or herself in a position of danger, to look in the direction from which danger was to be anticipated. This is a continuing duty and was not met, if you so find from the evidence in this case, by looking once and then looking away.''* (Emphasis added.)

In support of her contention appellant relies chiefly on *Salomon* v. *Meyer*, 1 Cal.2d 11 [32 P.2d 631], a case which has several features in common with the case at bar. In that case the plaintiff, a woman pedestrian crossing an intersection was struck by an automobile. She testified that she looked in both directions before attempting to cross the street and that she did not look either way after leaving the curb. In that case, as in this, there was evidence that she walked into the automobile. A verdict for the defendant was reversed on the sole ground that an instruction reading as follows was prejudicially erroneous: ''. . . It is a duty resting upon any person attempting to cross a street that is likely to be dangerous, *before placing himself or herself in a position of danger, to look in the direction from which such danger is to be anticipated. This is a continuing duty, and is not met by looking once and then looking away.* In the exercise of ordinary care it is the duty of the pedestrian to look to the right and to the left whenever he or she has voluntarily put himself or herself into a position which may be one of peril coming from either direction. . . .'' (Emphasis added.)

The language which we have emphasized is substantially identical in both quoted instructions (except for the phrase ''if you so find from the evidence in this case''). That the use of this language led to the reversal in the Salomon case appears from the following: ''The vice of the instruction here complained of lies in the unqualified statement that 'this is a continuing duty, and is not met by looking once and then looking away.' Whenever there is room for an honest difference of opinion between men of average intelligence the question of whether the plaintiff was negligent in failing to look again in the direction from which the defendant's car was approaching is a question of fact for the jury and the finding of the triers of fact is conclusive. (*McQuigg* v. *Childs*, 213 Cal. 661 [3 P.2d 309].)''

The court further said that it could not escape the conclusion that the error was prejudicial. The instruction, said the court, ''set up continued observance as a definite and absolute standard of duty, upon the basis of an assumption that she

had voluntarily placed herself in a position of probable danger, thus fixing for the jury a measure of ordinary care without requiring them to first find, as a condition of its application, that the plaintiff had exposed herself to a continuing danger. Under the holding of *Long* v. *Barbieri, supra,* this should have been made an express condition of a finding of contributory negligence under the instruction given. . . . Applying this inflexible measure of ordinary care to the admitted facts,'' the court stated, ''the jury could not have found otherwise than that the plaintiff had failed to exercise it.''

*Nickell* v. *Rosenfield,* 82 Cal.App. 369 [255 P. 760] is another pedestrian case where there was a reversal of a judgment for the defendant because of an instruction which the court said ''took from the jury the right to determine the negligence of plaintiff by particularly specifying just what acts on her part were negligent.'' The court in that case cites *Burgesser* v. *Bullock's,* 190 Cal. 673 [214 P. 649] and says that ''the conclusion reached there is that it is a question of fact for the jury to determine whether the conduct of a pedestrian under all of the circumstances at the time and place and conditions of traffic was or was not negligent.''

In *Long* v. *Barbieri,* 120 Cal.App. 207 [7 P.2d 1082], a pedestrian case, the court followed *Nickell* v. *Rosenfield, supra,* in reversing a judgment for the defendant because of erroneous instructions, one of which contained some of the language found in the instruction challenged in the instant case. That case points out forcefully ''that it is a dangerous practice, and one not to be followed, to take excerpts from the opinions of courts of last resort and indiscriminately change them into instructions to juries'' (citing *Rosander* v. *Market Street Ry. Co.,* 89 Cal.App. 710, 718 [265 P. 536]).

In *King* v. *Unger,* 25 Cal.App.2d 632 [78 P.2d 255] an order granting plaintiff a new trial after a judgment for defendants on an instructed verdict was affirmed. The language or propriety of instructions was not involved, but the court discussed the duty of a pedestrian at an intersection and cited *Salomon* v. *Meyer, supra, McQuigg* v. *Childs, supra, Long* v. *Barbieri, supra, Filson* v. *Balkins,* 206 Cal. 209, 212 [273 P. 578] and *Walker* v. *Mason,* 109 Cal.App. 361 [293 P. 125]. See, also, *Schulman* v. *Los Angeles Ry. Corp.,* 44 Cal. App.2d 122, 129 [111 P.2d 924]; *Young* v. *Tassop,* 47 Cal. App.2d 557, 563, 564 [118 P.2d 371]; *Sanker* v. *Humborg,*

48 Cal.App.2d 203, 204 [119 P.2d 431]; *Reed* v. *Stroh,* 54 Cal.App.2d 183, 190, 192 [128 P.2d 829].

The respondent argues that when the instructions are taken as a whole the jury was properly informed as to the law. The cases of *Lund* v. *Pacific Elec. Ry. Co.,* 25 Cal.2d 287 [153 P.2d 705]; *Westover* v. *City of Los Angeles,* 20 Cal.2d 635 [128 P. 2d 350]; *Megee* v. *Fasulis,* 65 Cal.App.2d 94 [150 P.2d 281]; *Wood* v. *Moore,* 64 Cal.App.2d 144 [148 P.2d 91], and *Barlow* v. *Crome,* 44 Cal.App.2d 356 [112 P.2d 303] are cited on the general proposition that instructions must be read as a whole and harmonized if possible. In the Lund case the rule is stated "that a judgment will not be reversed for error which can be found only by detaching a portion or portions of a charge from the context, when such charge in its entirety fairly and correctly states the law."

On the other hand, in *Westberg* v. *Willde,* 14 Cal.2d 360, 370 [94 P.2d 590], the court quoted approvingly from *Akers* v. *Cowan,* 26 Cal.App.2d 694 [80 P.2d 143], the following: "It has been frequently held that the giving of an erroneous instruction is not cured by the giving of other correct instructions, where the effect is simply to produce a clear conflict in the instructions and it is not possible to know which instruction was followed by the jury in arriving at a verdict (citing cases)."

In *Nickell* v. *Rosenfield, supra,* the court said that the instructions taken together informed the jury fully as to the claims of the parties and, as to the burden of proof, and on all the general subjects proper in like cases, still an instruction that the duty to look to the left was imperative upon the pedestrian during all the time that she was crossing was held to be reversible error. Such instruction, the court said, "took from the jury the right to determine the negligence of plaintiff by particularly specifying just what acts on her part were negligent . . . the jury were not left to determine . . . whether his [defendant's] car was observed by plaintiff or, in the exercise of ordinary care, could have been observed, and this was an issue in the case. . . . [We] cannot concede that in an action of this character when the facts are disputed a trial court can fix the standard of conduct with reference to specific acts without the jury's determination of the facts. . . . We are not forgetful of the general rules that instructions are to be read together and construed as a whole, but we do not feel that this rule goes so far as to hold that one

or two detached general statements are sufficient to overcome the force of a direct instruction based upon the particular facts of the case." (See, also, *Ferguson* v. *Nakahara,* 43 Cal.App.2d 435, 442 [110 P.2d 1091] ; *Van Fleet* v. *Heyler,* 51 Cal.App.2d 719, 734 [125 P.2d 586].) A similar result was reached in *Long* v. *Barbieri, supra,* where the court stated (pp. 216-217) : "The instruction in question removes from the jury its prerogative of determining whether or not the conduct of the plaintiff (as the jury shall find it to have been) conformed to the standard of ordinary care, and in lieu thereof substitutes a fixed and rigid standard given to it by the court."

One of the undisputed facts in this case is that the point of contact was the right front fender of respondent's automobile, and that it (the fender) was approximately half way across the crossing lane when the appellant came in contact with it. This placed the appellant within the marked crosswalk. Section 560, Vehicle Code, provides that "The driver of a vehicle shall yield the right of way to a pedestrian crossing the roadway within any marked crosswalk . . ." and the cases hold that, *while proceeding with ordinary care,* a pedestrian has the right to assume that operators of automobiles entering the intersection will exercise a proper degree of care and will respect the pedestrian's right of way (*Ladas* v. *Johnson's etc. Co.,* 43 Cal.App.2d 223, 228 [110 P.2d 449] ; *Sanker* v. *Humborg, supra; Lowell* v. *Harris,* 24 Cal.App.2d 70, 84 [74 P.2d 551]). Whether the appellant proceeded with ordinary care was one of the important questions of fact in this case. It is also an admitted fact that there was a line of cars parked along the northerly curb of Post Street and whether stepping out—as she testified she did—to look for oncoming vehicles was the act of an ordinarily prudent person under such circumstances was another question of fact.

The respondent testified that he saw appellant standing on the sidewalk and that, while looking directly ahead, appellant walked rapidly into the right front fender of his car which by that time he had brought to a stop. The appellant testified that she looked once to her left and, seeing that she could not proceed across Post Street safely because of a rapidly approaching car, started back toward the curb but remembered nothing further. If the jury believed appellant's testimony they may well have drawn the inference that she was struck by the respondent's car while it was turning right into Polk

Street during the time that she was retracing her steps to the sidewalk.

If the jury so found the instruction complained of informed them that if appellant looked once easterly up Post Street and, having seen an approaching car, did not look again while she was retracing her steps to the curb they must find her guilty of contributory negligence. Since there was no testimony that she looked again this was tantamount to directing a verdict against appellant even if the jury believed her testimony that she was struck while seeking to avoid that catastrophe.

We cannot know that the jury did not believe appellant's story and arrive at their verdict solely because of this erroneous instruction. Considering the sharp conflict in the evidence the giving of the instruction complained of was clearly prejudicial.

The appeal from the order denying the motion for new trial is dismissed and the judgment is reversed.

Dooling, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied August 26, 1946. Edmonds, J., voted for a hearing.