[Civ. No. 13600. First Dist., Div Two. Mar. 11, 1948.]

LUIS VILLAFUERTE, Respondent, v. RAYMOND STRUNZ et al., Appellants.

Jack Flinn for Appellants.

Elmer P. Delany and Wm. A. Sullivan for Respondent.

DOOLING, J.—Plaintiff while crossing Fell Street in San Francisco from the northwesterly corner to the southwesterly corner of Fell and Webster Streets was struck by an automobile owned and operated by defendants. For his injuries thereby caused the court sitting without a jury gave plaintiff a judgment and defendants appeal.

Appellants' sole point is that plaintiff's evidence proved him guilty of contributory negligence as a matter of law. The evidence most favorable to plaintiff on this question may be summarized as follows: At about 7:30 p.m. on October 11, 1942, plaintiff with a woman companion was about to cross Fell Street at the point indicated above. He stood at the curb and looked westerly, saw two automobiles approaching and waited for them to pass. He then looked easterly, saw no vehicle approaching and walked into the street at about 10 or 12 feet, without looking again to his right or left, when he was struck by appellants' car coming from the east. From east to west Fell Street at that point rises rather sharply and the view to the east is for that reason somewhat obstructed from the westerly side of Webster Street but plaintiff testified that he could see clearly everything to his left and right.

Under these circumstances the question whether plaintiff was guilty of contributory negligence in not looking again easterly down Fell Street after leaving the curb was one of fact for the trial court. This court recently reviewed the cases on this question in *Goodwin* v. *Foley,* 75 Cal.App.2d 195 [170 P.2d 503]. The applicable rule is there quoted from *Salomon* v. *Myer,* 1 Cal.2d 11, 15 [32 P.2d 631]:

"Whenever there is room for an honest difference of opinion between men of average intelligence the question of whether the plaintiff was negligent in failing to look again in the direction from which the defendant's car was approaching is a question of fact for the jury and the finding of the triers of fact is conclusive."

This case falls fairly into that category.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.