[Civ. No. 13813.   First Dist., Div. Two.   Apr. 5, 1949.]

JOHN W. MURRAY, Appellant, v. SOUTHERN PACIFIC
COMPANY et al., Respondents.

Melvin M. Belli for Appellant.

Arthur B. Dunne, Louis L. Phelps and Dunne & Dunne for Respondents.

NOURSE, P. J.—On March 23, 1945, at about 6:50 p. m., appellant was severely injured when he was struck by a slow-moving switch engine as he was walking along Fourth Street across the Southern Pacific tracks in San Francisco. Fourth Street runs north and south, and crosses the tracks at right angles. The tracks lie between King Street on the south and Townsend on the north, terminate in the Southern Pacific station located at Third and Townsend Streets and are numbered from 15 to 1, track 15 being nearest King Street.

Appellant, a member of the San Francisco Fire Department, had on many occasions used this route in the course of his duties and at the time the accident occurred was proceeding on foot from his regularly assigned station to another, the most direct route being across the tracks by way of Fourth Street. He walked north on the west side of Fourth Street to the railroad tracks where he found the street blocked by the ''Daylight'' on track 14 and the ''Lark'' on track 8. He walked through the vestibules of these trains and continued up Fourth toward Townsend Street until he was struck on track 5 by a switch engine moving west and away from the station.

Appellant based his case on two theories of negligence, one the negligent operation of the engine, the other the failure of the presence of a flagman to warn him of the approaching engine. An ordinance pertaining to flagmen was introduced into evidence reading as follows: ''Fourth Street and all other public streets mentioned herein shall remain open public streets subject to public use, except that Fourth Street may be temporarily closed to permit the arrival and departure of trains at the depot at Third and Townsend Streets when trains are too long to be accommodated in the space between such

depot and Fourth Street. A flagman shall always be stationed at Fourth and Townsend Streets and at Fourth and King Streets. . . .''

The grounds upon which appellant seeks a reversal of the judgment are: (1) Insufficient evidence to sustain the verdict and (2) prejudicial error in the instructions. Most of the argument is devoted to the latter ground. Appellant claims that the case was tried on the two theories of negligence but that the court through its instructions presented only one theory to the jury and eliminated the question of respondents' negligence because of failure to maintain a flagman, to the great detriment of appellant.

The chief objection was to the following instruction: ''There are before you in this case three defendants, Southern Pacific Company, Edmund Carey, and Herbert Hambaugh. The charges made against each one of these defendants are the same. . . . Each defendant is entitled to the individual judgment of each and every juror as to his case, and to have his case determined on its merits, irrespective of what determination may be made as to any other defendant, except in the one particular to which I shall call your attention. . . . If there is no negligence on the part of Defendant Edmund Carey, the engineer, or on the part of Herbert Hambaugh, the fireman, and if you so find, it will be unnecessary for you to consider any other question in the case, and you will then return your verdict in favor of all of the defendants.''

However, at the request of appellant the court also instructed the jury: ''. . . the Defendant Southern Pacific Company, in return for the privilege of running its tracks across Fourth Street, have the absolute duty to maintain a watchman or flagman at Fourth and Townsend Streets when said Fourth Street is blocked by its trains. If you find that defendants were blocking said Fourth Street by their trains at the time of the accident here in question, and if you further find that they did not maintain a watchman or flagman at said crossing, in violation of said ordinance, you may consider said violation . . . in determining whether or not defendants were negligent, and if you find that the defendant Southern Pacific Company did so violate said ordinance by failing at the time and place in question herein to maintain a watchman or flagman, and said violation of said ordinance was the sole and proximate cause of Plaintiff John Murray's injuries herein, then you shall return a verdict in favor of Plaintiff

John Murray and against the Defendant Southern Pacific Company. . . ."

Appellant cites cases to the effect that "the giving of an erroneous instruction is not cured by the giving of other correct instructions, where the effect is simply to produce a clear conflict in the instructions and it is not possible to know which instruction was followed by the jury in arriving at a verdict." *Goodwin* v. *Foley,* 75 Cal.App.2d 195, 200 [170 P.2d 503]. The jury was instructed by the court not to select single instructions but to consider all of them in determining any issue of the case. Instructions must all be read and considered together. *McFaul* v. *Madera Flume & Trading Co.,* 134 Cal. 313, 314 [66 P. 308]. Thus when this question is raised the vital inquiry is whether the instructions produce such a conflict as would confuse the jury.

The ordinance provides that a flagman shall be stationed at Fourth and Townsend Streets and at Fourth and King. Under the circumstances of this case even if flagmen had been stationed at these two locations it is difficult to understand how they could have effectively warned plaintiff. The evidence as to the presence of the flagman was conflicting. With the exception of the appellant, the witnesses who testified they saw no flagman arrived on the scene after the accident. The flagman on duty at that time had died prior to the trial and his death certificate was introduced at the trial. Other witnesses who testified to having seen the flagman stationed at Fourth Street somewhere near tracks 3 and 4 saw him there prior to the accident with the exception of the engineer of the switch engine who testified he noticed the flagman just after appellant was struck. Just before the accident, at 6:45, train No. 147 pulled into the station on track 4. The fireman of this train, stationed on the left side of the cab—the side nearest Townsend—saw the flagman. The engineer of that train who was on the right side of the cab did not see the flagman but testified he noticed the switch engine pulling out on track 5 as his train pulled in on track 4. There was a question as to whether train No. 147 extended over Fourth Street blocking the view looking toward Townsend. Whether it did for any length of time or not it must necessarily have blocked it when coming into the station which was at the time the switch engine was pulling out—the time when a warning by the flagman would have been of benefit to plaintiff. The ordinance does not provide that a flagman must be stationed at each track when trains are in movement, but only at King and

Fourth and Townsend and Fourth. Yet the view of King Street was blocked by the "Lark" and the "Daylight" on tracks 8 and 14, and the view of Townsend shut off by train No. 147.

■ Appellant accepts the testimony of the fireman on the engine involved in the accident who testified he saw the appellant walking along Fourth Street and kept him in sight as he walked a distance of 26 feet while the engine was slowly pulling away from the station. Appellant complained that when the fireman saw him walking toward the track upon which the engine was proceeding he should have stopped the engine instead of waiting until it was too late to avoid the accident. It seems logical to assume that if a fireman from the cab of an engine could keep a pedestrian in plain view for that length of time and space the pedestrian, if he had exercised that degree of caution incumbent upon all persons crossing railroad tracks, could have seen the engine. That he did not was substantial evidence of appellant's contributory negligence, and the jury could have so found.

■ These are the circumstances before the jury relating to the criticized instruction. Taking this instruction with that proposed by appellant there would appear to be some conflict, but reading the two together we can not say that they caused any confusion. The first told the jury that if the employees of the railroad company were not negligent then the company could not be held. But this obviously referred to the operation of the switch engine alone. The issue of the absence of the flagman was one that went to the asserted negligence of the company alone and did not in any way affect the charge of negligence against the engineer and fireman. The instruction given at the request of appellant correctly stated the case as to liability of the railroad company based on the presence or absence of a flagman.

Thus the jury could have followed both instructions and found that there was no negligence of the employees in the operation of the engine, and also that either the flagman was present, or that he was not present, and his absence was or was not "the sole and proximate cause" of the injuries.

However, if under the rule of *Goodwin* v. *Foley, supra,* these instructions produced error as conflicting, we are compelled to hold that the error was not prejudicial and hence not reversible under section 4½ of article VI of the Constitution.

■ Appellant also complains that certain instructions were argumentative and repetitious as ground for reversal. However, it is a well settled rule that errors of the trial court in instructions do not call for a reversal unless the appellate court after a review of the evidence and consideration of the entire case concludes they resulted in a miscarriage of justice. (Code Civ. Proc., § 475; Const., art. VI, § 4½; *Caminetti* v. *Imperial Mut. L. Ins. Co.*, 59 Cal.App.2d 476, 488 [139 P.2d 681].) Appellant's complaint is really a hypercritical analysis of these instructions rather than an assignment of prejudicial error. A statement of a rule of law may appear argumentative, and such statements may be repetitious because of a desire to make them clear. But that alone is not reversible error. We find no miscarriage of justice.

As to the first point pertaining to the insufficiency of the evidence, upon a review of the case we find sufficient evidence to uphold the verdict.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 3, 1949.