[Civ. No. 5113.    Fourth Dist.    Aug. 18, 1955.]

ALICE McNAMARA et al., Respondents, v. SAN DIEGO
TRANSIT SYSTEM (a Corporation), Appellant.

Lindley, Lazar & Scales and John H. Barrett for Appellant.

William F. Reed for Respondents.

MUSSELL, J.—This is an action for damages for personal injuries sustained by plaintiff Alice McNamara when she was struck by a San Diego Transit System bus. The accident occurred June 19, 1952, at approximately 1:45 a. m. near the intersection of 16th and Island Streets in San Diego. Sixteenth Street is a through boulevard and runs north and south and Island Street runs east and west.

Plaintiff spent the evening before the accident with a friend (Mrs. Callari) and at about 10:30 p. m. they got in Mrs. Callari's car and "drove over to Carl's Dine and Dance," an establishment located on the east side of 16th Street, south of Island Street. They parked the car on the west side of 16th Street, facing south, and a few feet south of the intersection. They then walked across 16th Street to Carl's Dine and Dance where they met friends, danced and drank about three bottles of beer. They left the café about 1:15 a. m. and walked north on 16th Street to the entrance of a building on the southeast corner of 16th and Island Streets. This entrance was about 12 feet south of the corner of the building. They there discussed entering the building to play a game of shuffleboard, decided it was too late, and started across 16th Street to Mrs. Callari's car.

Mrs. McNamara testified that before she started across the street she looked to the north to see if there were any cars coming; that she saw lights to the north about a half or three-quarters of a block away; that assuming that this vehicle was a safe distance away, she and Mrs. Callari then walked across the street; that when they were in the center of 16th Street, Mrs. Callari started to run and called to plaintiff to "come on" or "hurry"; that she started around Mrs. Callari to get in on the other side of Mrs. Callari's car; that she was 10 or 15 feet south of the corner; that at the time the impact occurred she became unconscious and did not recall anything until she was in the hospital; that there was no marked crossing at the intersection of 16th and Island Streets.

Mrs. Callari testified that as they started across 16th Street she saw lights about a block away; that when she and Alice McNamara were about halfway across the street she saw the bus a second time; that it was coming fast "So I ran"; that she estimated the bus was traveling between 30-40 miles per hour; that as she ran she did not look back to see what happened to Mrs. McNamara; and that she next saw her under a car.

Dale McSherry, the operator of the bus, testified that he

was alone and was traveling south at an estimated speed of 20-25 miles per hour as he approached the intersection; that he slowed the bus, looked for approaching traffic, saw none, and proceeded through the intersection; that he saw a car pulling away from the curb and then saw Mrs. McNamara coming out from behind a car and that she was then approximately 50 feet south of the intersection; that she was crossing the street in front of the bus "at a trot"; that he did not see what happened to her at the time of the impact.

Other witnesses for the defendant testified that Mrs. McNamara ran diagonally across the street in front of the bus and was struck by it while she was in the westerly southbound traffic lane of 16th Street; that she was thrown forward and down and under a car parked on the west side of the street.

After a jury trial a verdict was returned for the defendant. Plaintiffs moved for a new trial on all of the grounds stated in section 657 of the Code of Civil Procedure except that of newly discovered evidence. The trial court granted the motion without specifying the grounds therefor and defendant appeals from the order granting it.

It is stated by appellant in its opening brief (and not denied) that the only matter urged by plaintiffs as the basis for a new trial was the contention that the court erred in instructing the jury as follows:

"A pedestrian is under a continuing duty while crossing the street to exercise ordinary care for his or her own safety. While the law does not attempt to set forth exactly the conduct which must be followed in meeting this standard of care, it is not necessarily met by looking once and then looking away. The pedestrian must continue to look in the direction or directions from which danger is to be anticipated, even though in a marked or unmarked crosswalk, and to continue to be alert to safeguard himself or herself against injury."

In *Francis* v. *City & County of San Francisco,* 44 Cal.2d 335 [282 P.2d 496], in an action for damages for injuries sustained by plaintiff Francis ( a pedestrian) in a collision with a San Francisco municipal railway bus, the court held that the trial court committed prejudicial error in instructing the jury that "It is a duty devolved upon Mr. Francis, as the act of an ordinarily prudent person, that immediately before placing himself in a position of danger, to look in the direction in which danger is to be anticipated. This is a continuing duty and it is not met by looking once and then looking away. It is not a duty to look only one way and

continue so to look, but rather to look in the direction or directions of anticipated danger and to continue to be alert to safeguard against injury.'' The Supreme Court, in commenting on this instruction, said:

''Similarly worded instructions have been held to be prejudicially erroneous as applied to the factual situations presented in *Salomon* v. *Meyer*, 1 Cal.2d 11, 13 [32 P.2d 631] ; *Goodwin* v. *Foley*, 75 Cal.App.2d 195 [170 P.2d 503] ; *Long* v. *Barbieri*, 120 Cal.App. 207, 212 [7 P.2d 1082] ; and *Nickell* v. *Rosenfield*, 82 Cal.App. 369, 373-375 [255 P. 760]. Each involved a pedestrian struck down in a crosswalk who looked before leaving the safety of the sidewalk but who did not maintain a continuous lookout while crossing the street. The instruction in each case was held to have fixed for the jury as a measure of ordinary care a continuous duty while crossing to look 'to the right and to the left' or 'in the direction from which danger was to be anticipated' without requiring the jury to first find that an ordinary and prudent person, crossing at that time and place and under the existing conditions of traffic, would have maintained such constant surveillance. It is usually a question for the jury and not for the court whether a pedestrian has used due care in crossing the street and in making the decision that he can cross with safety. There is no rule of law that irrespective of existing circumstances a pedestrian must look 'continuously' or be arbitrarily adjudged guilty of contributory negligence. (*Filson* v. *Balkins*, 206 Cal. 209, 212 [273 P. 578] ; *Long* v. *Barbieri*, *supra*, 120 Cal.App. 207, 215 ; *Nickell* v. *Rosenfield*, *supra*, 82 Cal.App. 369, 376 ; 164 A.L.R. 53, et seq.) ''

It is apparent that the instruction given in the instant case and that given in the Francis case are subject to the same criticism in that each requires a pedestrian while crossing a street to continue to look to the right and to the left or in the direction from which danger is to be anticipated. The jury in the instant case was not left free to decide what would constitute due care during the time plaintiff was crossing the street and the trial court properly granted the new trial for this reason. ■ Where the trial court grants a new trial on the ground of error in the instructions, its conclusion, in the exercise of a wide discretion, will not ordinarily be disturbed. ■ All presumptions favor the order as against the verdict, and the order will be affirmed if it may be sustained on any reasonable view of the record. (*Sparks* v. *Redinger*, 44 Cal.2d 121, 123 [279 P.2d 971].)

The order granting a new trial is affirmed.

Barnard, P. J., and Shell, J. pro tem.,* concurred.

A petition for a rehearing was denied August 31, 1955, and appellant's petition for a hearing by the Supreme Court was denied October 13, 1955. Edmonds, J., and Schauer, J., were of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.